**Nakea R. ABLES, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–0601–CR–16.

Court of Appeals of Indiana.

May 25, 2006.

---

Patrick Young, Young & Hubbel, Gary, for Appellant.

Steve Carter, Attorney General of Indiana, Deanna L. Brunner, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SHARPNACK, Judge.

Nakea Ables appeals her sentence for three counts of dealing in cocaine as class

B felonies.[1] Ables raises one issue, which we revise and restate as whether the trial court abused its discretion in sentencing her. We affirm.

The relevant facts follow. On November 13 and 14, 2003, Ables sold cocaine to an undercover officer with the Lake County Sheriff's Department at a motel. On November 20, 2003, Ables pulled her vehicle next to an undercover officer with the Lake County Sheriff's Department and flagged him to get into her vehicle. The officer entered her vehicle and sat on the passenger seat. The officer gave Ables money, and Ables gave the officer cocaine. The undercover officer then gave the "take-down signal" to indicate to other officers that were listening to move in, and the other officers moved in from all directions. Sentencing Transcript at 19.

Ables saw the officers moving in, said, "oh, it is like that," and reached down and towards the right. *Id.* at 6. The undercover officer quickly left the vehicle. One of the police officers shot Ables when he saw her reach down towards the right and come up with something in her hand. The police pulled Ables from the vehicle and recovered a semiautomatic handgun from the floor of the vehicle on the driver's side.

The State charged Ables with one count of dealing cocaine as a class A felony[2] and two counts of dealing cocaine as class B felonies.[3] The trial court amended the count of dealing cocaine as a class A felony to a class B felony. Ables pleaded guilty to all three counts. On August 12, 2005, the trial court held a sentencing hearing. At the hearing, the trial court stated, "We are set for a sentencing hearing today.

And the issues before the Court are whether this is—or number one, sentencing, and number two, whether this is suspendable or nonsuspendable and whether or not this crime was committed while in possession of a handgun." *Id.* at 3. Ables testified that the gun was in the center console with her cell phone. The trial court stated:

Indiana Code 35–50–2–2, makes dealing in cocaine nonsuspendable under subsection (3), if the Court finds the person possessed a firearm. "Possessed a firearm", under that subsection of the statute has never been defined, in this Court's assessment. Having to look at then whether or not she possessed at the time that she sold to the undercover officer, namely November 20, 2003, the Court has to make an assessment of possession as it relates to the law that is well established in the State of Indiana. Day in and day out, people come in, deny knowledge of a substance, contraband, etcetera, and Indiana law is abundantly clear that even under those circumstances, if the jury found beyond a reasonable doubt that the defendant constructively possessed, the defendant could be convicted of the crime charged. In my assessment, there is no dispute whatsoever that there was a gun in the car—the Cadillac Escalade. There is all kinds of credible testimony presented that the defendant doesn't like guns. She doesn't—she's not involved with guns, by her husband's testimony and that may all be true, but that is not determinative as to whether or not she possessed a firearm. Under the legal term of "possession", I find she did pos-

1. Ind.Code § 35–48–4–1 (2004).

2. Ind.Code § 35–48–4–1 (2004).

3. The record does not include the charging information. We direct Ables's attention to

Ind.App. Rule 50(A)(2)(f), which requires an appellant's appendix to include "pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal."

sess a firearm during a drug transaction. That makes this case a mandatory non-suspendable six year minimum.

*Id.* at 71–72. The trial court sentenced Ables to serve eight years in the Lake County Community Corrections Day Reporting Program on each count. The trial court ordered that the sentences be served concurrently and suspended two years.

On September 19, 2005, Ables filed a motion to correct error and memorandum of law.[4] On September 22, 2005, the trial court denied Ables's motion to correct error. The prosecutor also filed a motion to correct error and a memorandum of law in support of its motion to correct error.[5] On October 13, 2005, the trial court held a hearing on the prosecutor's motion. At the hearing, the prosecutor stated, "the State would request that you reverse your Sentencing Order and send her to the Department of Corrections [sic], because she is ineligible for Community Corrections Day Reporting." Motion Hearing Transcript at 82. The trial court granted the State's motion to correct error and sentenced Ables to six years in the Indiana Department of Correction.

 The sole issue is whether the trial court abused its discretion in sentencing Ables. Ables argues that the trial court abused its discretion by finding that her sentence was nonsuspendable. "[A] decision not to suspend a sentence is reviewable only for an abuse of discretion." *Mingle v. State,* 182 Ind.App. 653, 660, 396 N.E.2d 399, 405 (Ind.Ct.App.1979); *see also Morgan v. State,* 675 N.E.2d 1067, 1074 (Ind.1996) (holding that a sentence suspension will be set aside "only upon a showing that the trial court abused its

discretion"). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Pierce v. State,* 705 N.E.2d 173, 175 (Ind. 1998).

Specifically, Ables argues that the trial court abused its discretion by finding that she possessed a firearm at the time of the offense and by concluding that her sentence was nonsuspendable pursuant to Ind. Code § 35–50–2–2(b), which provides, in pertinent part:

> With respect to the following crimes listed in this subsection, the court may suspend only that part of the sentence that is in excess of the minimum sentence, unless the court has approved placement of the offender in a forensic diversion program under IC 11–12–3.7:

> \* \* \* \* \*

> (4) The felony committed was:

> \* \* \* \* \*

> (O) dealing in cocaine, a narcotic drug, or methamphetamine (IC 35–48–4–1) if the court finds the person possessed a firearm (as defined in IC 35–47–1–5) at the time of the offense

> \* \* \* \* \*

While we have not previously addressed the meaning of "possessed" in Ind.Code § 35–50–2–2, Indiana courts have addressed the meaning of possession in other contexts and have concluded that possession may be either actual or constructive. *See Goodner v. State,* 685 N.E.2d 1058, 1061 (Ind.1997) (holding that a conviction for possession of contraband may rest

---

4. Ables's motion to correct error and memorandum of law are not included in the appellant's appendix.

5. The prosecutor's motion to correct error and memorandum of law are not included in the appellant's appendix. The State did not file an appellee's appendix.

upon proof of either actual or constructive possession); *Tate v. State*, 835 N.E.2d 499, 511 (Ind.Ct.App.2005) (holding that "[p]ossession of a firearm may be either actual or constructive"), *trans. denied.*

 Constructive possession occurs when one has the intent and capability to maintain dominion and control over the item. *Macklin v. State*, 701 N.E.2d 1247, 1251 (Ind.Ct.App.1998). Intent is shown if the State demonstrates the defendant's knowledge of the presence of gun. *Goliday v. State*, 708 N.E.2d 4, 6 (Ind.1999). Knowledge may be inferred from the exclusive dominion and control over the premises containing the contraband or, if the control is nonexclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Id.* Inferred knowledge has been found through a variety of means, including: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the contraband to the defendant; (5) location of the contraband within the defendant's plain view; and (6) the mingling of the contraband with other items owned by the defendant. *Henderson v. State*, 715 N.E.2d 833, 836 (Ind.1999). "The capability element is met when the state shows that the defendant is able to reduce the controlled substance to the defendant's personal possession." *Goliday*, 708 N.E.2d at 6.

Ables argues that she did not have exclusive control of the vehicle because the undercover officer was also present. Even assuming that Ables did not have exclusive control over the vehicle, additional circumstances permit a conclusion that Ables had knowledge of the gun. Ables's inferred knowledge can be found by the facts that she was in the vehicle in which the gun was found, was in close proximity to the gun, reached down when she saw the offi-cers, and admitted that the gun was in the center console with her cell phone. Based on the circumstances, the evidence was sufficient to show that Ables had knowledge of the gun. Thus, Ables had the intent to maintain dominion and control over the gun. *See, e.g., Taylor v. State*, 482 N.E.2d 259, 261 (Ind.1985) (holding that defendant possessed the requisite knowledge of the nature of the contraband and its presence sufficient to find constructive possession); *Woods v. State*, 471 N.E.2d 691, 694 (Ind.1984) (holding that evidence was sufficient to support inference by the jury that appellant had knowledge of the presence of the gun), *reh'g denied;*

The capability element was also met. Given the close proximity of the gun to Ables and her furtive gesture of reaching downward, the State presented sufficient evidence to show that she was able to reduce the gun to her personal possession. *See, e.g., Holmes v. State*, 785 N.E.2d 658, 659 (Ind.Ct.App.2003) (holding that defendant's close proximity to marijuana found under the driver's seat and the defendant's attempted flight provided sufficient evidence to show capability and intent to exercise dominion and control over marijuana). Thus, the trial court did not abuse its discretion by finding that Ables possessed a firearm and concluding that her sentence was nonsuspendable. *See, e.g., Fortner v. State*, 158 Ind.App. 17, 20, 301 N.E.2d 522, 524 (1973) (holding that the trial court did not abuse its discretion by not suspending defendant's sentence).

For the foregoing reasons, we affirm Ables's sentence.

Affirmed.

NAJAM, J. and ROBB, J. concur.