FREDDIE BERRY, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 49A04-0603-CR-169
Court of Appeals of Indiana.
December 5, 2006.
LAURA M. TAYLOR, Indianapolis, Indiana, ATTORNEY FOR APPELLANT.
STEPHEN R. CARTER, Attorney General of Indiana, Indianapolis, Indiana, GARY DAMON SECREST, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
ROBERTSON, Senior Judge.

STATEMENT OF THE CASE
Defendant-Appellant Freddie Berry ("Berry") is appealing his conviction after a bench trial of the Class D felony, possession of cocaine. Ind. Code §XX-XX-X-X.
We affirm.

ISSUE
Berry states the issue as:
"Whether the State failed to prove beyond a reasonable doubt that Berry committed possession of cocaine."

FACTS
A review of the facts viewed in a light favorable to the verdict shows that Indianapolis Police officers were executing a search warrant. Detective Garber knew Berry from prior investigations and surveillance. Garber saw Berry walking away from a van. A streetlight illuminated Berry. Garber saw Berry withdraw his hands from his pocket and quickly throw his hands down to his side. While the other passengers remained in the vehicle, Berry was the only person to exit the van.
Garber and the other police officers got out of their vehicles and secured Berry. While the other officers executed the search warrant, Officer Lawalin stayed with Berry. Only police officers were in the immediate area where Berry was secured. No one placed or carried away anything from that area. Officer Meyer searched the area around Berry, and found a plastic baggie that contained cocaine. There was snow on the ground but there was no snow on top of the baggie.

DISCUSSION AND DECISION

Standard of Review
Our standard of review when considering the sufficiency of the evidence is well settled. We will not reweigh the evidence or assess the credibility of the witnesses. Morrison v. State, 824 N.E.2d 734, 742 (Ind. Ct. App. 2005). We will only consider the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom. Id. We will uphold a conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.
Moreover, the triers of fact determine not only the facts presented to them and their credibility, but any reasonable inferences from facts established either by direct or circumstantial evidence. Brink v. State, 837 N.E.2d 192, 197 (Ind. Ct. App. 2005). It is not necessary that a court find the circumstantial evidence excludes every reasonable hypothesis of innocence, in order to sustain a conviction. Id. It need only be demonstrated that inferences may reasonably be drawn which support the finding of guilt. Id.

The Issue
Berry was charged with knowingly possessing the controlled substance of cocaine. Ind. Code §XX-XX-X-X.
The essence of Berry's argument is that only speculation connects him to the cocaine.
To prove constructive possession, the State must show that [Berry] had (1) the intent to maintain dominion and control over the contraband, and (2) the capability to maintain dominion and control over the contraband. Ables v. State, 848 N.E.2d 293, 297 (Ind. Ct. App. 2006). To prove intent, the State must demonstrate the defendant's knowledge of the presence of the contraband. Id. To prove capability, the State's must demonstrate evidence of the capability to exercise control over the item, that is, the ability to reduce the item to personal possession or to otherwise direct its disposition or use. Id.
The State posits that Garber saw Berry throw something down; that Berry was secured by the officers; that an officer stayed with Berry while the other officers executed the search warrant inside the house; that no one came within the area where Berry threw something down, except other police officers; that a baggie containing cocaine was found in the exact area where Berry was seen throwing something down; and, there was snow on the ground but none on the baggie, all of which is sufficient to show constructive possession of the cocaine.
We agree with the State's argument. When the standard of review, including that relating to circumstantial evidence, is applied to the foregoing facts, we find that it is sufficient for a reasonable trier of fact to find beyond a reasonable doubt that Berry had the requisite intent to possess, and the capability to control the disposition of the cocaine.

CONCLUSION
The evidence is sufficient to sustain the verdict. Judgment affirmed.
FRIEDLANDER, J., and DARDEN, J., concur.