**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 09 2012, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LONNIE JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A05-1109-CR-475 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15C01-1006-FC-16

**April 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Lonnie Johnson appeals his eight-year sentence for Class C felony robbery. Ind. Code § 35-42-5-1 (1984). We affirm.

## ISSUE

Johnson presents one issue: whether his sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

On June 3, 2010, a man, later identified as Johnson, entered United Community Bank in Lawrenceburg and asked customer service representative Whitney Slayback about opening a savings account. Slayback gave Johnson a new account application and told him about the bank's checking promotion. Johnson spoke very softly, and his eyes were bloodshot with a yellowish tint. He kept one of his hands out of view. When Slayback asked him to fill out the application, he slipped a small piece of paper across the counter. The note read, "This is a robbery, give me all the 50's and 100's and give back the note." Appellant's App. p. 28. Slayback, scared that Johnson had a gun in the hand she could not see, handed him an undetermined amount of money. As soon as Johnson turned away from the counter, Slayback hit her alarm button, turned to her co-worker, and stammered, "[H]e took my money." Tr. p. 38. After Johnson left the bank, Slayback locked the doors.

Detective Shane McHenry of the Dearborn County Sheriff's Department and Officer Nicholas Myers of the Lawrenceburg Police Department reviewed the bank's surveillance video, interviewed bank employees, and put out a bulletin about the robbery. The next day, an officer from the Indiana Gaming Commission contacted Officer Myers

2

and said that a man matching the description of the robber had been at Hollywood Casino in Lawrenceburg on the day of the robbery. After further investigation, Detective McHenry and Officer Myers identified Johnson as the robber.

The State charged Johnson with Class C felony robbery. A warrant was issued within twenty-four hours of the robbery, but Johnson was not located until October 2010 when he was found in San Diego, California. The State subsequently charged him with being a habitual offender. Pursuant to a plea agreement, Johnson pleaded guilty to Class C felony robbery, and in exchange the State agreed to dismiss the habitual offender enhancement. The plea agreement provided for open sentencing.

At sentencing, the trial court found that the aggravators outweighed the mitigators and imposed the maximum sentence of eight years executed. The court also ordered Johnson to make restitution to United Community Bank in the amount of $7145.95. Johnson now appeals.

DISCUSSION AND DECISION

Johnson contends that his eight-year executed sentence is inappropriate and asks us to revise his sentence to eight years with two years suspended to probation. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind.

3

2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

We first look to the statutory range established for the class of the offense. Johnson pleaded guilty to a Class C felony. The statutory range for a Class C felony is between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6(a) (2005). The trial court sentenced Johnson to the maximum sentence of eight years executed.

We next look to the nature of the offense and Johnson's character. As to the nature of the offense, Johnson entered United Community Bank and passed a note to Slayback stating that he was robbing the bank and ordering her to give him money. Johnson argues that he did not use a weapon during the commission of the offense. While this may be true, he kept one hand out of Slayback's view. Slayback testified at sentencing, "I remember that I couldn't find his other hand and praying that I wasn't about to see a gun pointed in my direction." Tr. p. 38.

We acknowledge, as did the trial court, that Johnson was remorseful for his conduct. Nevertheless, Johnson's character shows a disregard for the law. The presentence investigation report reveals that less than a week after the instant offense, a

4

warrant was issued for his arrest for a robbery in Miami County, Ohio. Johnson has been convicted in Wayne County, Michigan, of larceny and at least six breaking and entering offenses. At the time the presentence investigation report was prepared, two probation violation allegations from 2002 and the Ohio robbery charge were pending against him. Moreover, Johnson has had long-standing alcohol and drug abuse issues. Johnson, who was fifty-five years old at the time of sentencing, began drinking when he was nineteen and using cocaine when he was thirty-three. He admitted that he was a crack addict for about eight years. He further admitted that he still uses cocaine "every now and then." Appellant's App. p. 27. In addition, although Johnson was apparently struggling financially at the time of the offense, we note that he managed to gamble at Hollywood Casino on the day of the robbery. He is a "frequent patron" of that casino and has sustained a lifetime loss of about $17,000 there. *Id.* at 29.

Johnson has failed to persuade us that his eight-year executed sentence is inappropriate in light of the nature of the offense and his character.[1]

### CONCLUSION

For the reasons stated, we affirm Johnson's sentence.

Affirmed.

RILEY, J., and MATHIAS, J., concur.

---

[1] Johnson asserts in his argument summary that the trial court abused its discretion by not suspending any of his sentence to probation; however, he fails to develop a corresponding argument. In any event, a trial court's decision not to suspend a sentence is reviewable only for an abuse of discretion. *Ables v. State*, 848 N.E.2d 293, 296 (Ind. Ct. App. 2006). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances. *Id.* Given that, by pleading guilty, Johnson avoided a habitual offender enhancement that could have added up to twelve years to his sentence, and given Johnson's criminal history, including his noncompliance with probation, we cannot say that the trial court abused its discretion by not suspending any of his sentence to probation.

5