**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 19 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VICTORIA PEAK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1112-CR-1096 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION CIRCUIT COURT
The Honorable Teresa A. Hall, Commissioner
Cause No. 49F10-1108-CM-59716

**June 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Victoria Peak ("Peak") appeals her conviction of Possession of Paraphernalia, as a Class A misdemeanor.[1] She raises a single issue for our review, whether the State introduced sufficient evidence of her intent to possess paraphernalia to sustain the conviction.

We affirm.

## Facts and Procedural History

On August 22, 2011, Peak was alone and driving a small, two-door car in Indianapolis. Officer Philip Bulfer ("Officer Bulfer") observed that the tinting of the car's windows was so dark that he could not see inside the vehicle. Officer Bulfer checked the license plate number for the vehicle in his computer and was unable to retrieve any information regarding Peak's car from the Bureau of Motor Vehicles ("BMV") database. He therefore initiated a traffic stop.

Upon stopping the car, Officer Bulfer obtained Peak's identification and determined from the BMV database that Peak's driving privileges had been suspended. He therefore arrested Peak. While he was handcuffing Peak, Officer Bulfer noticed that Peak's hands had burns on them characteristic of an individual who smokes methamphetamine or cocaine.

Upon arrest, Peak was "not very cooperative" and "sporadically excited." (Tr. at 15) Because there was no one present to drive Peak's car from the scene, Peak was not sufficiently coherent to help him identify someone who could quickly remove the car, and he was concerned with becoming available to address 911 calls due to call volume that day,

---

[1] Ind. Code § 35-48-4-8.3(a) & (b).

Officer Bulfer decided to have the car towed to an impound yard.

Prior to the vehicle being towed, and pursuant to Indianapolis Metropolitan Police Department policy, Officer Bulfer performed an inventory search of Peak's vehicle. During the search, Officer Bulfer found a laptop computer bag wedged between the rear passenger seat and the console and within about one foot of Peak's location in the driver's seat. When Officer Bulfer opened the bag, which he had expected to contain a laptop computer, he discovered a lighter and a glass pipe with burn marks and white residue consistent with a pipe used for smoking methamphetamine or cocaine. Subsequent testing of the pipe revealed that it contained methamphetamine residue.

On August 24, 2011, the State charged Peak with Possession of Paraphernalia and Driving while Suspended after having had judgment entered against her for a similar offense[2], as Class A misdemeanors. On November 14, 2011, a bench trial was conducted, at the conclusion of which the trial court found Peak guilty of Possession of Paraphernalia and not guilty of Driving while Suspended. The trial court entered judgment against Peak for Possession of Paraphernalia and sentenced her to 365 days imprisonment, with all but four days of the sentence suspended to probation.

This appeal followed.

**Discussion and Decision**

Peak appeals her conviction for Possession of Paraphernalia, as a Class A misdemeanor, contending that there was insufficient evidence to support the trial court's

---

[2] I.C. § 9-24-19-2.

judgment.

When reviewing a defendant's conviction for sufficiency of the evidence after a bench trial,

> [t]his court will not reweigh the evidence or assess the credibility of witnesses. Cox v. State, 774 N.E.2d 1025, 1028 (Ind.Ct.App.2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. Id. If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. Id. at 1028–29.

Sargent v. State, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007).

To convict Peak of Possession of Paraphernalia as charged, the State was required to prove beyond a reasonable doubt that Peak knowingly or intentionally possessed a raw material, instrument, device, or other object—namely, a pipe—that she intended to use to introduce methamphetamine into her body. I.C. § 35-48-4-8.3(a) & (b); App. at 16.

Possession of drug paraphernalia may be either actual or constructive. Trigg v. State, 725 N.E.2d 446, 449-50 (Ind. Ct. App. 2000). The parties' arguments center on whether there was sufficient evidence for the trial court to conclude that Peak constructively possessed the drug pipe.[3]

"Constructive possession occurs when somebody has the intent and capability to maintain dominion and control over the item." Henderson v. State, 715 N.E.2d 833, 835 (Ind. 1999) (citations omitted). Peak does not contest that she had the capability to maintain

---

[3] The State argues that there was sufficient evidence to sustain the conviction on the basis of a theory of actual possession. We have previously declined to hold that even sitting directly upon an item of contraband amounts to actual possession, Deshazier v. State, 877 N.E.2d 200, 205 (Ind. Ct. App. 2007), trans. denied, and given our holding in this case, we need not reach this argument.

dominion and control over the pipe. Rather, she contends that there was insufficient evidence of her intent to maintain dominion and control.

"To prove the intent element of constructive possession, the State must demonstrate the defendant's knowledge of the presence of" the contraband. Perry v. State, 956 N.E.2d 41, 61 (Ind. Ct. App. 2011) (citing Goliday v. State, 708 N.E.2d 4, 6 (Ind. 1999)). "Knowledge may be inferred from the exclusive dominion and control over the premises containing the contraband or, if the control is nonexclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of contraband." Ables v. State, 848 N.E.2d 293, 297 (Ind. Ct. App. 2006). Such additional circumstances include

> (1) incriminating statements made by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant.

Gee v. State, 810 N.E.2d 338, 341 (Ind. 2004).

Peak acknowledges that as the sole occupant of the vehicle in which the laptop bag was found, she had exclusive control over the bag and the pipe it contained. She acknowledges that these facts support an inference of her knowledge of the pipe. Peak points to her testimony that she had control over the laptop bag and the other items in her car for only two or three days, but that she did not have control over the bag for nearly a year before that because her ex-boyfriend refused to allow her to retrieve numerous personal items from her residence. Based upon this testimony, Peak argues that there was insufficient evidence of her knowledge of and intent to use the pipe to sustain her conviction.

5

We do not agree. Officer Bulfer testified that the laptop bag containing the methamphetamine pipe was only a foot from Peak's seat in the car, and Peak's hands bore burn marks characteristic of an individual who uses a pipe to smoke crack cocaine or methamphetamine. Peak admitted to Officer Bulfer that the bag belonged to her. However long Peak's ex-boyfriend may have had control over the bag, Peak maintained sole dominion and control over the bag for two or three days prior to her arrest. Peak's exclusive control over the vehicle makes her case unlike Godar v. State, 643 N.E.2d 12, 15 (Ind. Ct. App. 1994), trans. denied, upon which Peak relies for the proposition that sitting in the passenger's seat of a vehicle under which there is contraband is insufficient to sustain a conviction on a theory of constructive possession. Moreover, to the extent that Peak's argument would invite us to reweigh the evidence, we decline to do so. See Sargent, 875 N.E.2d at 767.

The State adduced sufficient evidence to prove beyond a reasonable doubt Peak's intentional possession of the methamphetamine pipe, and we therefore affirm the trial court's judgment of conviction.

Affirmed.

ROBB, C.J., and MATHIAS, J., concur.