**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 24 2012, 8:36 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ROY L. STREICHER,                    )
                                     )
    Appellant-Defendant,             )
                                     )
        vs.                      )     No. 69A05-1111-CR-603
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.              )

APPEAL FROM THE RIPLEY CIRCUIT COURT
The Honorable Carl H. Taul, Judge
Cause No. 69C01-1006-FC-12

**July 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Roy L. Streicher appeals his aggregate three-year sentence for Class D felony operating a vehicle while intoxicated with a previous operating while intoxicated conviction within the last five years, Ind. Code § 9-30-5-3 (2008); Class C misdemeanor operating a vehicle while intoxicated, Ind. Code § 9-30-5-2 (2001); and Class A misdemeanor domestic battery with injury, Ind. Code § 35-42-2-1.3 (2006). We remand with instructions to vacate the Class C misdemeanor conviction but otherwise affirm.

## ISSUES

I.      We first address sua sponte whether Streicher's conviction for Class C misdemeanor operating a vehicle while intoxicated is barred by the prohibition against double jeopardy.

II.     We then address Streicher's sole claim on appeal, which we restate as whether his sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY[1]

In June 2010, Streicher had been drinking alcohol and began arguing with his wife. Streicher told her to move her car or he would run it over with his tractor. When his wife failed to move her car, Streicher drove the tractor and pinned her between the tractor and her car. A tractor tire ran over her toe. Streicher left the residence in a truck and was later stopped by police. He failed field sobriety tests and took a portable breath test, which registered 0.16 grams of alcohol per 210 liters of breath.

---

[1] Because the factual bases for the crimes provided at the guilty plea hearing do not provide much detail, we recite the facts as provided by the probable cause affidavit, which is cited by Streicher in his statement of facts and was included in the presentence investigation report.

The State charged Streicher with Class D felony operating a vehicle while intoxicated with a previous operating while intoxicated conviction within the last five years (based on a 2007 operating while intoxicated conviction), Class C misdemeanor operating a vehicle while intoxicated, Class A misdemeanor criminal recklessness, Class A misdemeanor domestic battery with injury, Class C felony possession of a handgun without a permit while having a prior felony conviction within fifteen years, and Class C misdemeanor operating a vehicle with a BAC of at least 0.08. He was also alleged to be a habitual substance offender.

Streicher pleaded guilty to Class D felony operating a vehicle while intoxicated with a previous operating while intoxicated conviction within the last five years, Class C misdemeanor operating a vehicle while intoxicated, and Class A misdemeanor domestic battery with injury. At the beginning of the guilty plea hearing, the State had informed the trial court that Streicher was pleading guilty to Class C misdemeanor operating a vehicle while intoxicated because "he has to plead to an OWI to get to the felony OWI." Tr. p. 8. Defense counsel had agreed: "[H]e has got to plead to the predicate just to make it work and then they merge." *Id.* at 9.

The trial court sentenced Streicher to the Department of Correction for three years on the Class D felony, sixty days on the Class C misdemeanor, and one year on the Class A misdemeanor. The sentences were ordered to be served concurrently, for an aggregate term of three years. On the State's motion, the trial court dismissed the remaining charges. Streicher now appeals his sentence.

DISCUSSION AND DECISION

I. DOUBLE JEOPARDY

We first address sua sponte whether Streicher's conviction for Class C misdemeanor operating a vehicle while intoxicated is barred by the prohibition against double jeopardy. *See Harrison v. State*, 901 N.E.2d 635, 643-44 (Ind. Ct. App. 2009) (addressing double jeopardy issue sua sponte), *trans. denied.* "Where the conviction of the greater crime cannot be had without conviction of the lesser crime, the double jeopardy clause bars separate conviction and sentencing on the lesser crime when sentencing is imposed on the greater one." *Boze v. State*, 514 N.E.2d 275, 277 (Ind. 1987).

Streicher was convicted of both Class D felony operating a vehicle while intoxicated with a previous operating while intoxicated conviction within the last five years and Class C misdemeanor operating a vehicle while intoxicated. Indiana Code section 9-30-5-2(a) provides that "a person who operates a vehicle while intoxicated commits a Class C misdemeanor." Indiana Code section 9-30-5-3(a) provides:

> (a) . . . [A] person who violates section 1 or 2 of this chapter commits a Class D felony if:
>> (1) the person has a previous conviction of operating while intoxicated that occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter . . . .

Thus, a person commits a Class D felony if he operates a vehicle while intoxicated and has had a previous conviction of operating while intoxicated within the five immediately preceding years.

4

It is clear from the statements of counsel at the guilty plea hearing that the Class C misdemeanor and Class D felony operating while intoxicated convictions are predicated on the same act of operating while intoxicated. The only difference between the two offenses is that the enhancement to the Class D felony was based on Streicher's 2007 operating while intoxicated conviction. Streicher's Class C misdemeanor conviction is thus a factually lesser included offense of the Class D felony conviction. We conclude that the convictions violate double jeopardy and therefore remand with instructions to vacate the Class C misdemeanor conviction. *See Puckett v. State*, 843 N.E.2d 959, 964 (Ind. Ct. App. 2006) (concluding that merger was insufficient and remanding with instructions to vacate Class C misdemeanor operating while intoxicated conviction where it was a factually lesser included offense of Class D felony operating while intoxicated conviction). As all of Streicher's sentences were ordered to be served concurrently, the vacation of his Class C misdemeanor conviction does not affect the aggregate term of his sentence.

## II. INAPPROPRIATE SENTENCE

Streicher contends that his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing

*Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)).   The defendant has the burden of persuading us that his sentence is inappropriate.  *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).   In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge.  *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

We first look to the statutory ranges established for the classes of the offenses. Streicher pleaded guilty to a Class D felony and a Class A misdemeanor.  The statutory range for a Class D felony is between six months and three years, with the advisory sentence being one and a half years.  Ind. Code § 35-50-2-7(a) (2005).  For a Class A misdemeanor, a person may not be imprisoned for more than one year.  Ind. Code § 35-50-3-2 (1977).  Streicher was given maximum terms, to be served concurrently, for an aggregate three-year sentence.

We next look to the nature of the offenses and Streicher's character.  As to the nature of the offenses, Streicher was drinking, argued with his wife, pinned her between two vehicles, and ran over her toe with the tractor.  He then left the scene.

As to Streicher's character, his criminal history alone justifies the sentence imposed by the trial court.  Streicher has accumulated fifteen criminal convictions across three states.  Of those convictions, many are similar in nature to the offenses here: one was for domestic violence in Alabama, five were for operating while intoxicated in

6

Indiana, and at least three were alcohol-related offenses in Ohio. Moreover, Streicher has previously been placed on probation but has violated probation multiple times.

Streicher nonetheless asks us to consider his alcohol addiction as a factor warranting a lesser sentence. At the sentencing hearing, he asserted that he had never been offered help for his problems with alcohol:

> I would just like to say, Your Honor, you know, alcohol has affected my life and I have had several DUI's and nobody has ever offered me help, counseling or anything and it's a, it is a pattern, I don't, I go two (2), three (3) years without a DUI but then I receive another one and I, I know it is not the right thing to do. I just, I would like to get some help somehow.

Tr. pp. 25-26. To the contrary, the presentence investigation report shows that he has been ordered to obtain a substance abuse evaluation and to comply with treatment recommendations and that he has been ordered to go through mandatory alcohol treatment. He also informed the probation department that he attended Alcoholics Anonymous ten times while on probation in 2006. We acknowledge Streicher's alcohol issues; however, given his failure to conform his behavior despite treatment opportunities and numerous alcohol-related convictions, a reduction in his sentence is not warranted.

Streicher has failed to persuade us that his sentence is inappropriate in light of the nature of his offenses and his character.[2]

---

[2] Streicher asserts in his argument summary that the trial court abused its discretion by not suspending any of his sentence to probation, but he fails to develop a corresponding argument. In any event, a trial court's decision not to suspend a sentence is reviewable only for an abuse of discretion. *Ables v. State*, 848 N.E.2d 293, 296 (Ind. Ct. App. 2006). As noted above, Streicher has violated probation multiple times. Further, the probation department stated that it did not believe Streicher was a good candidate for probation. The trial court apparently agreed:

> Probation is a waste of time on you, Mr. Streicher, frankly. You are either going to help yourself or not. And from what I see you are not going to so I am not going to waste my

7

## CONCLUSION

For the reasons stated, we remand to the trial court with instructions to vacate the Class C misdemeanor conviction and affirm Streicher's aggregate three-year sentence.

Affirmed in part, remanded in part with instructions.

ROBB, C.J., and FRIEDLANDER, J., concur.

---

probation department's time taking up time with you.  There's just no point.  If you want to help yourself you can if you don't, then you will be back in here or some other court.

Tr. p. 29.  We cannot say that the trial court abused its discretion.