## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2015, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Paul J. Podlejski<br>Anderson, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Tyler G. Banks<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Curtis Daugherty,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 26, 2015<br><br>Court of Appeals Case No.<br>48A02-1502-CR-121<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Angela G. Warner Sims, Judge<br><br>Trial Court Cause No.<br>48C01-1309-FD-1832 |

**Najam, Judge.**

## Statement of the Case

Curtis Daugherty appeals his conviction for receiving stolen property, as a Class D felony, following a jury trial. Daugherty raises two issues for our review, which we consolidate and restate as whether the State presented sufficient evidence to support his conviction.[1] We affirm.

## Facts and Procedural History

On August 21, 2013, Robert Trotter, the manager of a Napa Auto Parts store in Anderson, left work at 6:00 p.m. and noticed nothing unusual. However, when he returned the next morning at 8:00 a.m., he noticed it was "awful[ly] warm" inside the store. Tr. at 202. Trotter inspected the store's air conditioning unit and noticed that several metal pieces had been removed, apparently with a "hacksaw" or a similar tool, which prevented the air conditioning unit from functioning. *Id.* at 303. Trotter contacted John Carey, the owner of the building, to report the matter.

Carey "immediately went over to Phillips Iron and Metal [('Phillips')]," a metal recycling plant four blocks from the store, "because the exact same scenario had happened before." *Id.* at 228. At Phillips, Carey spoke with James Zickefoose. Zickefoose informed Carey that someone had indeed sold the missing metal

---

[1] Daugherty styles one of his issues as whether the State presented sufficient evidence to support his conviction and styles his second issue as whether the trial court erred when it denied his motion for a directed verdict. Though styled as two issues, Daugherty's arguments, and our resolution of them, are substantively identical.

pieces there earlier that morning. Zickefoose recognized the pieces from photos Carey had presented based on the angle of the cut. Zickefoose remembered the man who had sold the metal pieces to Phillips. Along with some physical descriptions, Zickefoose remembered his name was "Curt," that he was driving a Chevrolet Blazer with "Just Married" written on the back window and sides, and that he was interested in buying some aluminum rims from Phillips. When Zickefoose later spoke to investigating officers, he informed them that Curt suggested he would be back to buy the rims. The officers told Zickefoose to call them if he returned.

[4] Meanwhile, Carey took the stolen metal pieces back to his building. When he and Trotter compared the cuts on the pieces to the air conditioning unit, they found that the pieces "perfectly fit" the unit. *Id.* at 210.

[5] Two days later, Daugherty, who lived in "close proximity" to the store and Phillips, went to Phillips to purchase the rims. *Id.* at 325. Zickefoose recognized him as the same person who had sold the stolen metal pieces two days prior, and Daugherty arrived at Phillips in the same Blazer with the same "Just Married" writing on it. *See id.* at 306. Zickefoose contacted officers with the Anderson Police Department, who arrived and arrested Daugherty.

[6] The State charged Daugherty with receiving stolen property, as a Class D felony. Following the close of the State's case-in-chief at the ensuing jury trial, Daugherty moved for a directed verdict, which the trial court denied. Daugherty, his wife, and his step-daughter then testified in his defense. The

jury found him guilty, and the trial court entered its judgment of conviction and sentence accordingly. This appeal ensued.

## Discussion and Decision

[7] Daugherty asserts that the State failed to present sufficient evidence to support his conviction for receiving stolen property, as a Class D felony. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

[8] To convict Daugherty of receiving stolen property, as a Class D felony, the State was required to show that Daugherty knowingly or intentionally "receive[d], retain[ed], or dispose[d] of the property of another person that ha[d] been the subject of theft." Ind. Code § 35-43-4-2(b) (2012). As our supreme court has explained:

> the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for [receiving stolen property]. *Rather, such possession is to be considered along with the other evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say, possessing right next door as opposed to many miles away).* In essence, the fact of possession and all the surrounding evidence about the possession must be

assessed to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.

*Fortson v. State*, 919 N.E.2d 1136, 1143 (Ind. 2010) (emphasis added); *see also* *Barnett v. State*, 834 N.E.2d 169, 172 (Ind. Ct. App. 2005) ("Possession of recently stolen property when joined with . . . an unusual manner of acquisition may be sufficient evidence of knowledge that the property was stolen.").

[9] Here, Daugherty asserts that the State's evidence demonstrated only that he had possession of the stolen metal pieces. Daugherty is incorrect. The State's evidence demonstrated that Daugherty's possession of the stolen items was close in time to the moment they were stolen: the items were stolen from the store sometime between 6:00 p.m. on August 21, 2013, and 8:00 a.m. on August 22, 2013, and Zickefoose witnessed Daugherty in possession of the items that same morning when Daugherty sold them to Phillips. Also, Daugherty was in close physical proximity to both the store and Phillips during the time in question, and he lived "not far" from both locations. Tr. at 325. Phillips was only four blocks from the Napa store. Moreover, we agree with the State that the manner in which the metal pieces had been removed from the store's air conditioning unit—with a hacksaw or similar tool—"carried indications of damage and unusual acquisition." Appellee's Br. at 5. In sum, the State presented sufficient evidence from which a reasonable fact-finder could conclude that Daugherty knowingly received, retained, or disposed of the property of another that had been the subject of theft. Accordingly, we affirm his conviction.

Affirmed.

Kirsch, J., and Barnes, J., concur.