## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 24 2016, 9:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tyrone D. Miller,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 24, 2016

Court of Appeals Case No.
71A04-1601-CR-24

Appeal from the St. Joseph Superior Court.
The Honorable Jane Woodward Miller, Judge.
Cause No. 71D01-1506-F3-28

**Darden, Senior Judge**

## Statement of the Case

[1]  Tyrone D. Miller appeals his conviction of possession of cocaine or a narcotic drug, a Level 5 felony. Ind. Code §§ 35-48-4-6 (2014), 35-48-1-16.5 (2014). We affirm.

## Issue

Miller raises one claim, which we restate as: whether the evidence is sufficient to sustain his conviction.

## Facts and Procedural History

In early June 2015, Douglas Burch loaned his silver Jeep Liberty to Miller in exchange for cocaine. In the early morning hours of June 7, 2015, Zachary Grooms arrived at a police station in South Bend, St. Joseph County. Grooms reported he had been robbed by a man who drove a silver Jeep Liberty and wielded a handgun. He described the man as wearing tan shorts and a white tank top. Grooms also stated the assailant's hair was in cornrows. Grooms told the officers the man stole his cell phone and wallet.

While speaking with Grooms, a police officer used an app to locate Grooms' cell phone. According to the app, Grooms' cell phone was in the area of Caroline and Fox Streets in South Bend. Officers who were dispatched to the scene saw a silver Jeep Liberty parked outside a house at that location.

Police officers surrounded the house and ordered the occupants to come out. Victoria Miller, Miller's wife, came outside. She declined to give the officers permission to enter and search. She also told the officers that she and Miller had been fighting for the last couple of days and were staying in separate bedrooms. Next, the officers sought and obtained a search warrant for the house. Before the search warrant arrived, an officer who was standing at the

northwest corner of the house heard a "thump" coming from inside the house, as if someone was moving furniture or bumping against a wall. Tr. p. 218.

[6] After the warrant arrived, six to eight officers opened the home's front door and entered. They encountered Miller, who "came from the back bedroom area of the house" and surrendered. *Id.* at 167.

[7] Next, the officers searched the house. No one else was present. They found Grooms' cell phone and wallet. Next, they entered the back bedroom of the house, which was the source of the "thump" an officer had heard while standing outside. When they examined the bed, they saw that a slit had been cut into the side of the mattress. A handgun was hidden inside. A size 2XL white tank top shirt was on the floor next to the bed.

[8] In the kitchen, another officer found digital scales and a plastic bag. The bag contained a white powdery substance that was later identified as cocaine. The officers found a letter addressed to Miller near the cocaine.

[9] The State charged Miller with armed robbery, a Level 3 felony; carrying a handgun without a license while having a felony conviction in the past fifteen years, a Level 5 felony; and possession of cocaine or a narcotic drug, a Level 5 felony. A jury determined that Miller was not guilty of the first two charges but was guilty of possession of cocaine or a narcotic drug. The trial court sentenced Miller per the jury's verdict, and this appeal followed.

# Discussion and Decision

[10] Miller does not challenge the officers' search of the home, and he does not dispute that he owned the cocaine. Instead, he argues the evidence is insufficient to sustain his conviction as a Level 5 felony because he did not possess a firearm in the course of possessing cocaine. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Daugherty v. State*, 43 N.E.3d 1288, 1289 (Ind. Ct. App. 2015). Instead, we consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from the evidence. *Smart v. State*, 40 N.E.3d 963, 966 (Ind. Ct. App. 2015). We will affirm unless no rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *Grott v. State*, 30 N.E.3d 777, 779 (Ind. Ct. App. 2015).

[11] In order to obtain a conviction against Miller as charged for possession of cocaine as a Level 5 felony, the State was required to prove beyond a reasonable doubt that: (1) Miller (2) without a valid prescription or order of a practitioner (3) knowingly or intentionally possessed (4) cocaine or a narcotic drug (5) while also possessing a firearm. Ind. Code §§ 35-48-4-6, 35-48-1-16.5.

[12] Miller claims not to have owned, or been aware of, the handgun the police found in the mattress. Possession of contraband such as a firearm need not be actual but, rather, can be constructive. *Mack v. State*, 23 N.E.3d 742, 759 (Ind. Ct. App. 2014), *trans. denied*. In order to prove constructive possession, the State must show the defendant has both (1) the intent and (2) the capability to

maintain dominion and control over the contraband. *Thompson v. State*, 966 N.E.2d 112, 122 (Ind. Ct. App. 2012), *trans. denied*.

[13] To prove the intent element, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Id.* If the defendant has possession of the premises where contraband is discovered, but that possession is not exclusive, the defendant's knowledge may be inferred from additional circumstances. *Id.* The additional circumstances may include: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the contraband to the defendant; (5) location of the contraband within the defendant's plain view; and (6) the mingling of the contraband with other items owned by the defendant. *Ables v. State*, 848 N.E.2d 293, 297 (Ind. Ct. App. 2006).

[14] In this case, Miller did not immediately leave the house when the police ordered all occupants to come outside. Instead, he stayed inside, and an officer heard noises consistent with moving furniture coming from the back bedroom while awaiting the arrival of the search warrant. Thus, Miller engaged in furtive movements. When the officers finally entered the house pursuant to the search warrant, Miller approached them from the back bedroom, which is where the handgun was later found hidden in a slit cut into the mattress. Victoria had told the officers she and Miller were sleeping in separate bedrooms; that he slept in the front bedroom and she slept in the back bedroom. As a result, Miller was found in proximity to the handgun. In addition, his property was mingled with the handgun, because the police found a 2XL sized

tank top, which resembled the shirt Grooms saw his assailant wearing, in the back bedroom near the bed where the gun had been hidden. Police found a letter addressed to Miller in the kitchen near the cocaine and scales.

[15] Miller points to testimony by Victoria, who told the jury: (1) Miller was not regularly staying at her house during the time period in question; (2) she owned the handgun; (3) she had cut the slit in the mattress and hidden the handgun inside on a prior occasion; and (4) she owned the tank top shirt. This argument is, in substance, a request to reweigh the evidence, which our standard of review forbids. Further, we note Victoria denied knowing about the cocaine that the police found in the kitchen.

[16] There is sufficient evidence to establish beyond a reasonable doubt that Miller was aware of, and constructively possessed, the handgun. *See Mack*, 23 N.E.3d N.E.2d 742, 759 (Ind. Ct. App. 2014) (evidence sufficient to prove constructive possession where contraband was found in defendant's room, near his personal property), *trans. denied*. As a result, the jury's verdict must be sustained, and Miller's conviction stands.

# Conclusion

[17] For the reasons stated above, we affirm the judgment of the trial court.

[18] Affirmed.

Najam, J., and Mathias, J., concur.