## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 02 2018, 8:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Thomas,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 2, 2018

Court of Appeals Case No.
91A02-1704-CR-872

Appeal from the White Superior Court.
The Honorable Robert B. Mrzlack, Judge.
Trial Court Cause No.
91D01-1605-F2-65

**Friedlander, Senior Judge**

[1] Michael Thomas appeals after being convicted of one count of dealing in cocaine,[1] as a Level 2 felony, and one count of possession of marijuana,[2] as a Class B misdemeanor, contending that there is insufficient evidence to support his conviction of dealing in cocaine. He does not challenge his conviction of possession of marijuana. We affirm.

[2] On May 3, 2016, Antonio Lawrence was driving a vehicle in which Thomas was a passenger when a Brookston police officer pulled the vehicle over. After the officer approached, Lawrence sped away.

[3] A short time later, at approximately six o'clock in the evening when it was still light out, police received a 911 call from a concerned homeowner in Brookston. He went to the window of his home to investigate why his dog was barking. The homeowner indicated that there was a slender male he had never seen before crouched down near the shed in his yard. He also observed a vehicle parked in the alley at the end of his driveway. Thomas was ultimately arrested at that location.

[4] An officer responding to the call looked in the area where Thomas was found and discovered two bags of what appeared to be narcotics next to the fence

---

[1] Ind. Code § 35-48-4-1(a), (e) (2014).

[2] Ind. Code § 35-48-4-11(a)(1) (2014).

inside the yard.  The officer described the bags as "fresh" because they were neither wet, nor covered in dirt.  Tr. Vol. II, p. 59.

[5]     The bags contained two observably different substances.  The first bag appeared to contain marijuana based upon the color of the substance and the strong odor.  The second bag contained twenty-one smaller baggies, each containing a white, rocky substance.  Eighteen of the twenty-one baggies were approximately the size of a tooth.  The other three baggies contained large pieces of the white substance approximately the size of a quarter.  Subsequent testing of the white, rocky substance revealed that it was cocaine weighing almost seventeen grams in the aggregate.

[6]     After Thomas was handcuffed, an officer conducted a pat-down search during which the officer found eleven dollars in Thomas' pocket.  However, when Thomas was being processed at the jail, jail deputies found $800 in Thomas' right shoe between his foot and the sole of the shoe.

[7]     The State charged Thomas with dealing in cocaine, possession of cocaine, resisting law enforcement, and possession of marijuana.  While Thomas was incarcerated on those pending charges, he placed a telephone call on May 11, 2016, which was recorded by the jail.  Thomas intimated during the telephone call that Lawrence might have set him up.  He stated that Lawrence directed him to carry the drugs.  After the fact, Thomas stated that he wanted to leave the drugs somewhere and blamed Lawrence for not helping him hide the drugs.

[8] Additionally, during the call, Thomas used coded words, indicating the amount of cocaine and money in his possession at the time of the stop. Lawrence testified against Thomas at trial and explained the meaning of the drug-related or coded words used during the recorded call Thomas made at jail. He also testified that he had been selling cocaine with Thomas and that he knew Thomas possessed the drugs when the car was stopped by the officer.

[9] Thomas' jury trial began on February 28, 2017, and ended on March 2, 2017. The jury found Thomas guilty of possession of marijuana, as a Class B misdemeanor, and dealing in cocaine, as a Level 2 felony. Thomas now appeals.

[10] Thomas contends that there is insufficient evidence to support his conviction. Upon review of a sufficiency of the evidence claim, we evaluate the probative evidence and the reasonable inferences supporting the verdict. *Love v. State*, 73 N.E.3d 693 (Ind. 2017). We do not reassess the credibility of witnesses or reweigh the evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder could find that the crime was proven beyond a reasonable doubt. *Id.* If a conviction is based on circumstantial evidence, that evidence need not overcome every reasonable hypothesis of innocence. *Moore v. State*, 652 N.E.2d 53 (Ind. 1995). It is sufficient if an inference reasonably tending to support the verdict can be drawn from the circumstantial evidence. *Id.*

[11] To establish that Thomas had committed the criminal offense of dealing in cocaine as a Level 2 felony, the State was required to prove beyond a

reasonable doubt that Thomas knowingly possessed at least ten grams of cocaine with the intent to deliver. Ind. Code § 35-48-4-1.

[12] A conviction for possession of contraband may be based on evidence of actual or constructive possession. *Griffin v. State*, 945 N.E.2d 781 (Ind. Ct. App. 2011). The two differ in that actual possession occurs when a defendant has direct physical control over an item, whereas constructive possession occurs when the defendant has the intent and capability to maintain dominion and control over the item. *Id.*

[13] In cases involving constructive possession, the State must establish a defendant's knowledge of the presence of the contraband to prove intent to possess. *Thompson v. State*, 966 N.E.2d 112 (Ind. Ct. App. 2012), *trans. denied*. Knowledge may be inferred from exclusive dominion and control over the premises containing the contraband. *Ables v. State*, 848 N.E.2d 293 (Ind. Ct. App. 2006). If the control is non-exclusive, then knowledge may be inferred from additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Id.* Some examples of the ways knowledge has been inferred include the following: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the contraband to the defendant; (5) location of the contraband within the defendant's plain view; and (6) the mingling of the contraband with other items owned by the defendant. *Id.* The element of capability is established if the State shows that the defendant is able to reduce the controlled substance to his personal possession. *Id.*

[14]     Here, the State's evidence established Thomas' actual and constructive possession of the cocaine. First, Lawrence testified that he had been dealing drugs with Thomas and that he knew Thomas possessed the cocaine at the time of the traffic stop. Further, evidence of Thomas' telephone calls from the jail confirmed his possession of the contraband. He expressed his displeasure with Lawrence's insistence that he keep the cocaine with him instead of leaving it where they had been staying and for failing to help him hide the contraband. Coded words used by Thomas, that were later explained by Lawrence, indicated how much cocaine Thomas had in his possession. The coded terminology used by Thomas roughly equates to the amount of cocaine recovered by police.

[15]     Thomas also raises an incredible dubiosity argument regarding Lawrence's testimony. That argument is limited to cases where: (1) there is a sole testifying witness; (2) the testimony is inherently contradictory, equivocal, or the result of coercion; and (3) there is a complete absence of circumstantial evidence. *Smith v. State*, 34 N.E.3d 1211 (Ind. 2015).

[16]     Circumstantial evidence presented to the jury reflected that Thomas fled from police officers and hid by a shed in an unknown homeowner's yard near where the discarded contraband was located in a "fresh" condition. Thomas was the only person found in the homeowner's fenced backyard. Evidence of flight is competent evidence to illustrate a consciousness of guilt, but the weight to be attributed to that evidence is for the trier of fact. *Myers v. State*, 27 N.E.3d 1069 (Ind. 2015). Evidence of an attempt to avoid arrest tends to show guilt. *Id.*

[17] Thomas was the only person found in the homeowner's fenced yard. Lawrence testified that he fled the car in a different direction. An officer described bags of contraband found in the backyard near where Thomas was crouched as "fresh". Further, although only eleven dollars was found in Thomas's pocket, $800 was found between his right foot and the sole of his shoe. Possession of a large amount of money is circumstantial evidence of intent to deliver. *Wilson v. State*, 754 N.E.2d 950 (Ind. Ct. App. 2001). Thomas has not established that Lawrence's testimony is subject to attack for incredible dubiosity.

[18] There is sufficient evidence to support Thomas' conviction for possession with intent to deliver cocaine.

[19] Judgment affirmed.

Bailey, J., and May, J., concur.