**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRUCE W. GRAHAM**
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TONDALAY BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1111-CR-1038 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-1108-FA-15

**August 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Tondalay Brown appeals her convictions for possession of cocaine with intent to deliver, as a Class A felony, and possession of marijuana, as a Class A misdemeanor, following a jury trial. Brown presents three issues for our review:

1. Whether the State presented sufficient evidence to support her conviction for possession of cocaine with intent to deliver.

2. Whether the trial court abused its discretion when it sentenced her.

3. Whether her sentence is inappropriate in light of the nature of the offenses and her character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 26, 2011, Brown was driving a car owned by her boyfriend's cousin, and her boyfriend, Ronald Colbert, was riding in the car as a passenger. Brown was driving on I-65 in Tippecanoe County when Officer Ryan French with the Lafayette Police Department observed her speeding and swerving. Officer French, who had a K-9 unit with him, initiated a traffic stop. Colbert did not have a driver's license, but produced a birth certificate and a social security card. Using that identifying information, and after an assisting officer arrived at the scene, Officer French determined that Minnesota had issued a warrant for Colbert's arrest and that Colbert had been charged with dealing in cocaine in Delaware County and was out on bond.

Officer French asked Brown and Colbert to exit the car, and they complied. Officer French then conducted a "K-9 sniff" of the exterior of the car. Transcript at 20. In the course of that "sniff" the police dog "alerted to the odor of narcotics" coming from

inside the car.  Id. at 21.  That alert provided probable cause to Officer French to search the interior of the car, which he proceeded to do.  Immediately prior to the search, Brown informed another police officer at the scene that there was marijuana belonging to her located inside the car.  Officer French found marijuana located in a tray below the car radio.  Officer French then removed the "insert" located inside the center console of the car and found what was later determined to be 16.24 grams of crack cocaine.  Id. at 24.  Also during the course of the search, Officer French found several personal items belonging to Brown in the car, including receipts, medical bills, electric bills, and a federal housing application.

The State charged Brown with possession of cocaine with intent to deliver, as a Class A felony; possession of cocaine, as a Class C felony; maintaining a common nuisance, a Class D felony; and possession of marijuana, as a Class A misdemeanor.  Following trial, a jury found Brown guilty as charged.  The trial court entered judgment and sentence for possession of cocaine with intent to deliver, as a Class A felony, and possession of marijuana, as a Class A misdemeanor.[1]  The trial court sentenced Brown to concurrent terms of twenty-five years and one year, respectively, for an aggregate sentence of twenty-five years with fifteen years executed.  This appeal ensued.

## DISCUSSION AND DECISION

### Issue One:  Sufficiency of the Evidence

Brown first contends that the State did not present sufficient evidence to support her conviction for possession of cocaine with intent to deliver.  When the sufficiency of

---

[1]  Our review of the record does not reveal that the trial court entered judgment of conviction on all four charges.  At sentencing, however, the trial court "merged" the Class C and Class D felony counts with the other two counts.  Appellant's App. at 10; see Green v. State, 856 N.E.2d 703, 704 (Ind. 2006).

the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id. at 906.

To prove possession of cocaine with intent to deliver, as a Class A felony, the State had to show that Brown knowingly or intentionally possessed with intent to deliver cocaine in an amount weighing three grams or more. See Ind. Code § 35-48-4-1. On appeal, Brown contends that the State presented insufficient evidence to prove the possession and intent to deliver elements of the offense. We address each contention in turn.

**Possession**

Possession of contraband may be either actual or constructive. See Henderson v. State, 715 N.E.2d 833, 835 (Ind. 1999). As our Supreme Court has explained:

> Actual possession occurs when a person has direct physical control over the item. Walker v. State, 631 N.E.2d 1, 2 (Ind. Ct. App. 1994). Constructive possession occurs when somebody has "the intent and capability to maintain dominion and control over the item." Id. We suggested in Woods[ v. State, 471 N.E.2d 691, 694 (Ind. 1984),] that knowledge is a key element in proving intent:
>
> > When constructive possession is asserted, the State must demonstrate the defendant's knowledge of the contraband. This knowledge may be inferred from either the exclusive dominion and control over the premise[s] containing the contraband or, if the control is non-exclusive, evidence of

4

> additional circumstances pointing to the defendant's knowledge of the presence of the contraband.
>
> ([C]itations omitted). Proof of dominion and control of contraband has been found through a variety of means: (1) incriminating statements by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant. Carnes v. State, 480 N.E.2d 581, 586 (Ind. Ct. App. 1985).

Id. at 835-36.

Here, again, police found 16.24 grams of crack cocaine located beneath an insert inside the center console of the car Brown had been driving. Brown contends that the State cannot prove either actual or constructive possession of the cocaine because: she did not own the car; Colbert was riding as a passenger in the car; and the cocaine was not in plain view. We cannot agree.

The State presented evidence that several of Brown's personal belongings were found in different parts of the car, supporting a reasonable inference that she used the car as her own despite the fact that someone else owned the car. In particular, the State presented evidence that the following items belonging to Brown were found in the car: marijuana, found in a small, open cubby "underneath the radio" and "in front of the [gear] shifter[;]" and various documents found in the glove compartment, including a pawn shop ticket, a utility bill, and a public housing application.[2] Transcript at 23. In addition, police found the crack cocaine inside the center console, which was close in proximity to Brown's marijuana, as well as easily accessible by Brown while she was

---

[2] Police also found a "big bag of women's clothing" in the trunk of the car. Transcript at 38.

driving the car. We hold that the evidence is sufficient to prove Brown's constructive possession of the crack cocaine. See, e.g., Goliday v. State, 708 N.E.2d 4, 6 (Ind. 1999) (holding evidence sufficient to show constructive possession of contraband found in trunk of car where defendant did not own car, but had a key to the trunk and had several personal belongings throughout the car).

**Intent to Deliver**

Brown next contends that the State presented insufficient evidence to prove that she had intent to deliver the crack cocaine found in the car. As we stated in Love v. State, 741 N.E.2d 789, 792 (Ind. Ct. App. 2001),

> [b]ecause intent is a mental state, triers of fact generally must resort to the reasonable inferences arising from the surrounding circumstances to determine whether the requisite intent exists. Circumstantial evidence showing possession with intent to deliver may support a conviction. Possessing a large amount of a narcotic substance is circumstantial evidence of intent to deliver. The more narcotics a person possesses, the stronger the inference that he intended to deliver it and not consume it personally.

(Internal citations omitted).

Here, the State presented evidence that possession of crack cocaine in an amount more than three and a half grams is indicative of dealing. Again, the crack cocaine found in the center console of the car Brown was driving weighed 16.24 grams. And the State presented evidence that the way the crack cocaine was packaged in this case is indicative of dealing, as well. Brown's contention on appeal amounts to a request that we reweigh the evidence, which we will not do. The State presented sufficient evidence to support a reasonable inference that Brown had the intent to deliver the cocaine that she possessed.

6

And the evidence is sufficient to support Brown's conviction for possession of cocaine with intent to deliver.

## Issue Two:  Abuse of Discretion in Sentencing

Brown contends that the trial court abused its discretion when it sentenced her. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion.  Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007).  An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.  Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all.  Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .
>
> [However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court can not now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

> Here, the trial court's sentencing statement reads as follows:

> the court now finds that a mitigating circumstance is that Ms. Brown is now pregnant and that she has one other child that is dependent upon her, although the court notes that that child has been in the custody of its [sic] father and that Ms. Brown has not been active in supporting that child.  A second mitigating circumstance is her relatively low score on the Indiana Risk assessment evaluation and that she has a low to moderate risk [of] re-offending.  An aggravating circumstance is the criminal history.  The court

7

notes one prior misdemeanor conviction and several negative contacts with law enforcement. That's not a big aggravator. In fact, it's a very low weight aggravator. A second aggravating circumstance is [Brown's] history of illegal drug use, a third aggravating circumstance is that [Ms. Brown has] not taken responsibility for [her] actions.

Transcript at 188.

Brown maintains that the trial court abused its discretion when it identified her alleged failure to take responsibility for her actions as an aggravating circumstance. Specifically, Brown contends that she is innocent, and that, in effect, this aggravator punishes her for consistently maintaining her innocence. Our review of the record supports Brown's conclusion that there is no evidence independent of her assertion of innocence on which the trial court could base this aggravator. As such, we agree with Brown that this aggravator is invalid. However, when a court has relied on valid and invalid aggravators the standard of review is whether we can say with confidence that, after balancing the valid aggravators and mitigators, the sentence enhancement should be affirmed. See, e.g., Trusley v. State, 829 N.E.2d 923, 927 (Ind. 2005).

Here, while the trial court stated that Brown's criminal history had "very low weight" as an aggravator, it also gave mitigating weight to the fact that Brown has a child despite also noting that she "has not been active in supporting that child." Transcript at 188. When we exclude from consideration the invalid aggravator of Brown's alleged failure to take responsibility for her actions, and we consider the mitigators and valid aggravators, we can say with confidence that the trial court would have imposed the same sentence even without the improper aggravator. The trial court imposed a twenty-five year sentence, five years below the advisory sentence for a Class A felony, with ten years

8

suspended to probation. The trial court did not abuse its discretion when it sentenced Brown.

## Issue Three: Inappropriate Sentence

Finally, Brown contends that her sentence is inappropriate in light of the nature of the offenses and her character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize [ ] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

The Indiana Supreme Court more recently stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to

attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

With respect to the nature of the offenses, Brown contends only that "[t]here was nothing particularly aggravating or mitigating regarding the nature of the offense[s]." Brief of Appellant at 20. Thus, Brown does not advance any argument to support a reduction in her sentence on that basis. Brown was convicted of possessing with intent to deliver more than five times the amount of crack cocaine necessary to enhance the offense to a Class A felony. We hold that Brown's sentence is not inappropriate in light of the nature of the offenses.

Brown contends that her sentence is inappropriate in light of her character. She points out that her criminal history consists of a single misdemeanor offense, which occurred "years before the instant offense." Id. And she states that she was regularly employed and studied nursing in recent years. In addition, Brown points out that her "substance abuse background was minimal" and that she "cooperated with the authorities after her arrest." Id. But the State emphasizes Brown's ongoing relationship with Colbert, a known cocaine dealer, who was the father of her unborn child at the time of sentencing. And despite a history of marijuana abuse, Brown has never sought substance abuse treatment. We also note that Brown was pregnant at the time of the instant offenses and was not active in supporting another child dependent, which reflects poorly

10

on her character. We hold that Brown's sentence is not inappropriate in light of her character.

Affirmed.

KIRSCH, J., and MAY, J., concur.