James E. GOLIDAY, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–9709–CR–500.

Supreme Court of Indiana.

March 19, 1999.

M.E. Tuke, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## DICKSON, J.

The defendant, James E. Goliday, was convicted of dealing in cocaine,[1] a class A felony; possession of cocaine,[2] a class C felony; possession of marijuana,[3] a class A misdemeanor; and two counts of resisting law enforcement,[4] both class A misdemeanors. He was also adjudicated a habitual offender. The defendant appeals, raising two issues: insufficiency of the evidence and trial court error in failing to suppress improperly seized evidence.

▆▆▆ The defendant contends that the evidence is insufficient to support the drug offense convictions. Evidence is sufficient if the probative evidence favorable to the judgment and the reasonable inferences could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Thompson v. State,* 690 N.E.2d 224, 237 (Ind.1997). When reviewing a sufficiency claim, we do not reweigh evidence or assess the credibility of witnesses. *Id.*

When stopped for a traffic infraction, the defendant did not have a driver's license or registration for the vehicle he was driving. From a routine computer check, the officer determined that the defendant had never held a valid driver's license and that the license plate on the vehicle was stolen. While the officer was checking these computer records, the defendant fled the scene on foot, abandoning the vehicle. The officer called for assistance and pursued on foot. After several minutes, a group of officers captured the defendant as he attempted to crawl under a parked car. During this effort, the defendant kicked at the officers and held his arms underneath his body to avoid being handcuffed. One officer suffered minor injuries. The officers discovered that the defendant had over $900 in cash stuffed in various pockets.

After the officers and the defendant returned to the abandoned vehicle, it was prepared for impounding, and a tow truck was called. The ensuing inventory search of the vehicle revealed two pagers, a cellular telephone, a digital scale, a plastic bag of marijuana, and a quantity of empty plastic bags in the front seat area of the vehicle. In the trunk were several bags of men's clothing, a second stolen license plate, and a large quantity of cocaine.

The defendant contends that the State failed to prove beyond a reasonable doubt that he knew that illicit drugs were in the

1. Ind.Code § 35–48–4–1 (1993).

2. Ind.Code § 35–48–4–6 (1993).

3. Ind.Code § 35–48–4–11 (1993).

4. Ind.Code § 35–44–3–3 (1993).

vehicle or that he constructively possessed the drugs found in the search. He relies upon cases in which drugs were found in vehicles carrying multiple passengers, each capable of maintaining dominion and control. These cases are not persuasive.

■ "In the absence of actual possession of drugs, our court has consistently held that 'constructive' possession may support a conviction for a drug offense." *Lampkins v. State*, 685 N.E.2d 698, 699 (Ind.1997). In order to prove constructive possession, the State must show that the defendant has both (1) the intent to maintain dominion and control and (2) the capability to maintain dominion and control over the contraband. *Id.*

■ To prove the intent element, the State must demonstrate the defendant's knowledge of the presence of the contraband. " 'This knowledge may be inferred from either the exclusive dominion and control over the premise containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband.' " *Taylor v. State*, 482 N.E.2d 259, 261 (Ind.1985) (quoting *Woods v. State*, 471 N.E.2d 691, 694 (Ind.1984)). *See also Bergfeld v. State*, 531 N.E.2d 486, 490 (Ind.1988) (inference of intent requires additional circumstances pointing to the defendant's knowledge when possession of the premises is not exclusive).

■ The defendant contends that he borrowed the car and, thus, was not in exclusive possession. The issue, however, is not ownership but possession. The defendant was the only person in the vehicle when police stopped it. His exclusive possession of the vehicle was sufficient to raise a reasonable inference of intent.

■ The defendant contends that he was not capable of maintaining dominion and control over the cocaine because it was in the trunk of the vehicle. The capability requirement is met when the state shows that the defendant is able to reduce the controlled substance to the defendant's personal possession. *Lampkins v. State*, 682 N.E.2d 1268, 1275 (Ind.1997), *modified on rehearing on other grounds*, 685 N.E.2d 698. Further,

"[p]roof of a possessory interest in the premises in which the illegal drugs are found is adequate to show the capability to maintain control and dominion over the items in question." *Davenport v. State*, 464 N.E.2d 1302, 1307 (Ind.), *cert. denied*, 469 U.S. 1043, 105 S.Ct. 529, 83 L.Ed.2d 416 (1984). Although the defendant contends that he could not reach the cocaine in the trunk of the car when he was stopped, he did possess the key that opened it. Furthermore, he had been living out of this vehicle, and the clothes found in the trunk near the cocaine were his. The evidence is sufficient to support the jury's conclusion that the defendant had constructive possession of the cocaine.

The defendant's second contention is that the trial court erred when it failed to suppress the evidence secured during the police inventory search of the vehicle incident to the impoundment. The defendant argues this was an unconstitutional warrantless search and that the evidence obtained in the search should be suppressed. Further, he contends that the impoundment was not proper because the statute improperly gives the officer the discretion to decide whether the vehicle should be towed. He urges that the officer should have attempted to locate the owner of the vehicle before towing. At the suppression hearing, the arresting officer testified that he impounded the vehicle because it bore a stolen license plate. Police policies required an inventory search before the vehicle could be towed from the scene.

■ The defendant relies in large part upon our opinion in *Fair v. State*, 627 N.E.2d 427 (Ind.1993), to support his argument that the impoundment of the vehicle was improper. In *Fair*, we said that the threshold question in an inventory search case is whether the impoundment itself is proper. *Id.* at 431. The defendant in *Fair* was arrested for public intoxication after police, investigating a complaint of gun shots fired, observed him putting an object into the trunk of a vehicle. The undamaged vehicle was parked lawfully in a residential parking lot when it was impounded. The defendant's lawful possession of the vehicle was not in doubt, and the vehicle posed no apparent

hazard. Finding that the State's failure to present evidence of the policies guiding the search precluded a determination of the search's reasonableness, we reversed the conviction. The facts in this case are easily distinguished from the facts in *Fair*. Here, the defendant was stopped for a traffic infraction while driving the vehicle that was later impounded. The vehicle bore a stolen license plate and contained no certificate of registration. While the officer was reviewing the records, the defendant (the sole occupant and driver of the vehicle) fled the scene.

As we noted in *Fair*, several sections of the Indiana Code authorize the impoundment of vehicles. *Id.* at 431. Section 9–18–2–43, under which this vehicle was impounded, provides:

> [A] law enforcement officer ... who discovers a vehicle required to be registered ... that does not have the proper certificate of registration or license plate:
>
> (1) *Shall* take the vehicle into the officer's custody; and
>
> (2) May cause the vehicle to be taken to and stored in a suitable place until:
>
>> (A) The legal owner of the vehicle can be found; or
>>
>> (B) The proper certificate of registration and license plates have been procured.

IND.CODE § 9–18–2–43(a) (1993) (emphasis added). Under the facts of this case, the statute required the officer to take the vehicle into custody. The officer's decision to impound the vehicle, which lacked a certificate of registration and bore a stolen license plate, was not improper.

## Conclusion

The trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY, and BOEHM, JJ., concur.