**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 29 2012, 9:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EUGENE STRADER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1201-CR-57 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William J. Nelson, Judge
Cause No. 49F07-1104-CM-25901

**August 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Eugene Strader appeals his conviction for Class A misdemeanor possession of marijuana. Strader contends there is insufficient evidence to support his conviction because the State failed to prove that he had constructive possession of the marijuana. We find that the State sufficiently proved that Strader had constructive possession of the marijuana and therefore affirm.

## Facts and Procedural History

On April 13, 2011, Indianapolis Metropolitan Police Department Officer Corey Heiny was responding to a call from dispatch when he noticed a blue Ford pickup truck parked on the side of the road. The truck had a flat tire and Strader and another man were sitting inside. Approximately forty-five minutes later, after completing his assignment from dispatch, Officer Heiny again observed the truck. The truck's windows were rolled up although the temperature outside was warm. As Officer Heiny watched, a van pulled up alongside the truck. Strader got out of the truck and approached the passenger side of the van. After a few minutes, the van drove off and Strader returned to the truck. Then the other man in the truck, Lemont Smith, got out of the truck. He walked to a nearby house. A Chevrolet Impala pulled up to the house, and Smith walked to the Impala.

At that time, Officer Heiny approached the truck to talk to Strader, who was sitting in the driver's seat. As he walked toward the truck, Officer Heiny noticed the odor of burnt marijuana. Officer Heiny asked Strader to step out of the truck. As he spoke to Strader, he looked inside the truck and saw a police radio and a marijuana blunt in plain view on the passenger's seat. Officer Heiny then searched the truck and found what

2

looked like marijuana residue in the truck's ashtray as well as empty plastic baggies. Chemical testing revealed that the residue in the ashtray and the material in the blunt were, in fact, marijuana.

After a bench trial, Strader was convicted of Class A misdemeanor possession of marijuana. The trial court sentenced Strader to 365 days in jail with 351 days suspended and credit for seven days served. Strader was also ordered to complete forty hours of community service.

Strader now appeals.

**Discussion and Decision**

Strader contends that the evidence is insufficient to support his conviction for possession of marijuana because the State failed to show that he had constructive possession of the marijuana.

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. We consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom. *Id.* We will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

Class A misdemeanor possession of marijuana occurs when the defendant "knowingly or intentionally possesses (pure or adulterated) marijuana" in an amount less

3

than thirty grams. Ind. Code § 35-48-4-11. A conviction for possession of contraband may rest upon proof of either actual or constructive possession. *Washington v. State*, 902 N.E.2d 280, 288 (Ind. Ct. App. 2009), *trans. denied.* Actual possession occurs when a person has direct physical control over the substance, *Walker v. State*, 631 N.E.2d 1, 2 (Ind. Ct. App. 1994), while constructive possession occurs when the defendant has both (1) the intent and (2) the capability to maintain dominion and control over the subject contraband. *Atwood v. State*, 905 N.E.2d 479, 484 (Ind. Ct. App. 2009), *trans. denied.*

To prove the intent element of constructive possession, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999). Knowledge may be inferred from either exclusive control over the premises where the substance is found, or, if the control is non-exclusive, evidence of additional circumstances pointing to knowledge of the presence of the contraband. *Id.* The capability element is met when the State shows the defendant was able to reduce the controlled substance to his personal possession. *Id.*

Strader argues that the State failed to show that he had constructive possession of the marijuana because the truck belonged to his girlfriend and because Smith, the other man in the truck, claimed ownership of the marijuana and police radio. We disagree.

The evidence adduced at trial shows that Strader had the intent to possess the marijuana. He had knowledge of the presence of the contraband in the truck over which he had exclusive control because of the "strong odor of marijuana." Tr. p. 9. The obvious smell emanating from the truck, combined with the location of the contraband on the passenger seat, make it clear that Strader knew that the marijuana was in the truck.

4

Strader also had the capability to maintain dominion and control over the marijuana. The contraband was within arm's reach on the passenger seat. Strader was also the only individual in the truck—notably, Smith was not in the truck when Officer Heiny approached and asked Strader to get out of the truck.

Despite Strader's arguments that he did not make incriminating statements, he did not attempt to flee the scene or make furtive movements, the truck was not his, and Smith claimed ownership of the contraband, we conclude that the State has sufficiently met its burden in proving that Strader knowingly possessed the marijuana in the truck.

This evidence is sufficient to support Strader's conviction for possession of marijuana. We therefore affirm the trial court.

Affirmed.

MATHIAS, J., and BARNES, J., concur.