**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 17 2013, 5:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEVON MILLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1303-CR-286 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
Cause No. 49F07-1209-CM-66996

**October 17, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

This case illustrates that an individual's possession of contraband need not be exclusive to sustain a conviction. Here, a handgun was found under the passenger seat where appellant-defendant Devon Miller had been seated. He now appeals his conviction for Carrying a Handgun Without a License,[1] a class A misdemeanor. More particularly, Miller argues that the State did not provide sufficient evidence to support the finding that Miller was in constructive possession of the handgun.

While Miller's control over the vehicle where the handgun was found was not exclusive, Miller's behavior and proximity to the handgun showed or established Miller's intent to establish dominion and control over the handgun. Concluding that sufficient evidence existed to support a finding that Miller had constructive possession of the handgun, we affirm the judgment of the trial court.

## FACTS

Around midnight on September 11, 2012, police officers were responding to a reported homicide when they observed two individuals standing outside a vehicle in the driveway of a home the officers believed to be abandoned. The officers, finding it suspicious that the vehicle's headlights were turned off while its brake lights were on, shone a light on the vehicle. When they did so, the individuals outside the vehicle moved closer to it in order to conceal their movements. At the same time, Miller immediately opened the rear passenger door, as if ready to run from the vehicle or throw something out the door.

---

[1] Ind. Code § 35-47-2-1.

2

The police removed Miller from the vehicle. Miller was uncooperative and nervous while being patted down and handcuffed. The officers searched the vehicle and discovered a loaded Hi-Point 9mm handgun hidden under a pair of jeans on the floor. The vehicle was compact, and the handgun was found directly under the passenger seat that Miller had occupied. When the police ran Miller's information, they discovered he did not have a permit to carry the handgun. The officers arrested Miller, and he was charged and subsequently convicted of carrying a handgun without a license. The trial court subsequently sentenced Miller, and he now appeals.

## DISCUSSION AND DECISION

Miller argues that there was insufficient evidence to convict him, claiming that the evidence did not show that he possessed the handgun. When reviewing the sufficiency of the evidence claims, an appellate court weighs "only the probative evidence and reasonable inferences supporting the verdict." Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007) (emphasis in original). This Court does not judge the credibility of witnesses or reweigh the evidence. We will affirm the trial court's verdict unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000).

To establish that Miller carried a handgun without a license, the State must prove that Miller had actual or constructive possession of the handgun. Goliday v. State, 708 N.E.2d 4, 6 (Ind. 1999). Generally, constructive possession is shown by the intent and capability to maintain dominion and control over a handgun. Id. at 6. Where, as here,

3

a person's control over the premises where the contraband is found is nonexclusive, additional factors may be used to infer intent to establish dominion and control. See Hardister v. State, 849 N.E.2d 563, 574 (Ind. 2006) (listing both "attempted flight and furtive gestures" and "proximity to the drugs or weapon" as possible additional factors).

Miller threw open the passenger door when the police shone a light on the vehicle, as if to dispose of an object or run. Appellant's App. p. 12. He was uncooperative and nervous while being patted down by the police. Id. The handgun was found on the floor of the seat of the vehicle that Miller had just occupied, and it would have been directly beneath his feet or legs. Id. Miller's actions and proximity to the handgun provide additional factors supporting the conclusion that he was in constructive possession. Therefore, a reasonable fact-finder could find that the State proved the elements of carrying a handgun without a license beyond a reasonable doubt.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.