DAVID, J.,
dissenting.
I respectfully dissent, as Detona Sargent had constructive possession of her 1996 Buick Century when she stole four iPhones from her employer on September 16, 2011. This Court has long held that, in order to prove constructive possession, the State must show that the defendant has both the intent and capability to maintain “dominion and control” over the property in question. See, for example, Goliday v. State, 708 N.E.2d 4, 6 (Ind.1999). Though at the time of the thefts Sargent was not physically occupying her vehicle, she exerted “dominion and control” over the Buick, as evidenced by her instruction to her co-worker to return the vehicle by the end of her shift so she could drive home. Thus, she constructively possessed the Buick.
I disagree with the majority’s conclusion that “the record makes clear that her detention made it impossible for her to have the ‘capability’ to maintain such control.” Op. at 733. Though true Sargent was detained, her detention did not terminate her constructive possession of the Buick, as it *734 was not until the vehicle was towed away that she lost her capability to control it.
With the knowledge that Sargent constructively possessed her Buick at the relevant time, I turn to Indiana Code § 34-24-1-1 (a)(1)(B) (2014), which, as the ma-' jority recounts, permits the forfeiture of a vehicle used or intended to be used by the person in possession of it to transport stolen property with a retail value of at least one hundred dollars. Because Sargent fully intended to use the Buick to transport stolen iPhones collectively valued at a retail price of approximately $1,200, and would have done so had security not intervened, I agree with the Court of Appeals and the trial court that § 34-24-l-l(a)(l)(B) allowed the State to seize the Buick — however ill-advised some may find this use of official discretion.
Before this Court, Sargent argues that her Buick is nevertheless exempt from forfeiture under Indiana Code § 34-55-10-2 (2014) and Article 1, § 22 of the Indiana Constitution. Article 1, § 22 provides that:
The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability hereafter contracted: and there shall be no imprisonment for debt, except in case of fraud.
(Emphasis added.) Enacted to effectuate Article 1, § 22, Indiana Code § 34-55-10-2(c), in relevant part, states that “[t]he following personal property of a debtor domiciled in Indiana is exempt: ... (2) [o]ther real estate or tangible personal property of eight thousand dollars ($8,000).” (Emphasis added.) According to Sargent, her Buick valued at $1,700 falls within the protections of § 34-55-10-2(c) and Article 1, § 22.
Should we have reached this question, I would have also agreed with the Court of Appeals that Sargent is not a “debtor” under § 34-55-10-2 or Article 1, § 22 because a “debtor” is “[o]ne who owes an obligation to another, esp. an obligation to pay money,” and a forfeiture order is not a money judgment. See Black’s Law Dictionary (9th ed. 2009). Thus, by the plain language of Indiana Code § 34-55-10-2(c), as well as Article 1, § 22 of the Indiana Constitution, Sargent is not entitled to exemption from forfeiture of her vehicle under Indiana Code § 34-24-l-l(a)(l)(B).
For these reasons, I respectfully dissent. Because the Buick was not exempt from forfeiture, I would affirm the trial court’s grant of the State’s motion for summary judgment and denial of Sargent’s motion for summary judgment.
MASSA, J., joins.