## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Nov 25 2015, 6:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald Sample,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 25, 2015

Court of Appeals Case No.
49A02-1503-CR-141

Appeal from the Marion Superior
Court.
The Honorable Jose Salinas, Judge.
The Honorable John Alt, Magistrate.
Cause No. 49G14-1408-F6-39902

**Shepard, Senior Judge**

[1] A police officer stopped Sample's car for changing lanes without signaling.
During a search of the car, the officer discovered a pipe and a bag of
methamphetamine. Sample appeals his convictions of possession of

paraphernalia, a Class A misdemeanor,[1] and possession of methamphetamine, a Class A misdemeanor.[2] We affirm.

# Issue

Sample contends there is insufficient evidence to support his convictions.

# Facts and Procedural History

On the morning of August 13, 2014, Sample drove his girlfriend to work in her car. Next, he drove to an auto parts store to purchase items for maintenance on the car, and then he went to a friend's house. Sample worked on the car at his friend's house until 4:30 p.m., when he left to pick up his girlfriend.

At the same time, Officer Jovan Lopez of the Indianapolis Metropolitan Police Department was driving on the west side of Indianapolis. He changed lanes and drove behind Sample's car. Officer Lopez observed Sample change lanes without signaling.

Officer Lopez stopped Sample's car. Sample was the only occupant. As Officer Lopez sat in his car, he watched Sample make "furtive movements," including turning around to reach towards the back seat of the car. Tr. p. 21. Lopez called for backup. When another officer arrived, Officer Lopez approached the driver's side window while the other officer walked up to the

---

[1] Ind. Code § 35-48-4-8.3 (2014).

[2] Ind. Code § 35-48-4-6.1 (2014).

passenger side.  He asked Sample for a driver's license and registration, and Sample said he did not have any identification.

[6]     Sample seemed "extremely nervous" because he would not look at Officer Lopez, his hands trembled, and his voice seemed shaky.  *Id.* at 22.  Officer Lopez saw tools on the car's back seat.  After confirming Sample's identity with the dispatcher, Officer Lopez asked Sample to step out of the car and requested consent to search the car.  Sample consented.  During the search, Lopez found a pipe between the front passenger seat and the center console.  The pipe contained traces of meth.  Officer Lopez also found a small bag of what was later identified as meth on the car's floorboard, behind the driver's seat.

[7]     The State filed three charges:  possession of meth, possession of paraphernalia, and driving while suspended.  After a bench trial, the court determined that Sample was guilty of possession of methamphetamine and possession of paraphernalia, but not guilty of driving while suspended.  The court imposed alternative misdemeanor sentencing for possession of meth and entered a sentence.

## Discussion and Decision

[8]     Sample does not dispute that Officer Lopez found methamphetamine and a pipe in the car he was driving.  Instead, Sample says the State failed to prove that he possessed those items.

[9]     When reviewing a sufficiency challenge, we do not reweigh the evidence or judge the credibility of the witnesses.  *Hampton v. State*, 873 N.E.2d 1074 (Ind.

Ct. App. 2007). We instead look to the evidence and the reasonable inferences that support the verdict. *Id.* We will affirm unless no reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt. *Markland v. State*, 865 N.E.2d 639 (Ind. Ct. App. 2007), *trans. denied*.

[10] To obtain a conviction of possession of meth, the State was required to prove beyond a reasonable doubt that Sample (1) knowingly or intentionally (2) possessed methamphetamine (3) without a valid prescription or order of a practitioner. Ind. Code § 35-48-4-6.1. As for possession of paraphernalia, the State was required to prove beyond a reasonable doubt that Sample (1) knowingly or intentionally (2) possessed a raw material, instrument, device, or other object (3) that the person intends to use (4) for introducing a controlled substance into the person's body. Ind. Code § 35-48-4-8.3.

[11] A conviction for possession of contraband does not require catching a defendant red-handed. *Gray v. State*, 957 N.E.2d 171 (Ind. 2011). Instead, when the State cannot show actual possession, a conviction for possessing contraband may rest on proof of constructive possession. *Id.* Constructive possession will support a conviction if the State shows that the defendant had both the capability and the intent to maintain dominion and control over the contraband. *Mitchell v. State*, 745 N.E.2d 775 (Ind. 2001).

[12] To prove the intent element, the State must establish the defendant's knowledge of the possession of the contraband. *Wilson v. State*, 966 N.E.2d 1259 (Ind. Ct. App. 2012), *trans. denied*. When a defendant exercises non-exclusive control

over the location where contraband is found, intent to maintain dominion and control may be inferred from additional circumstances that indicate that the defendant knew of the presence of the contraband. *Allen v. State*, 787 N.E.2d 473 (Ind. Ct. App. 2003), *trans. denied*. The circumstances may include: (1) a defendant's incriminating statements; (2) a defendant's attempting to leave or making furtive gestures; (3) the item's proximity to the defendant; (4) the location of contraband within the defendant's plain view; and (5) the mingling of contraband with other items the defendant owns. *Gray*, 957 N.E.2d 171.

[13] Sample was driving his girlfriend's car when Officer Lopez stopped him. No one else was in the car, and Sample had possessed the car all day long. When Sample stopped the car, he made furtive gestures in the car, including reaching back toward the area where the meth was found. Officer Lopez thought that Sample appeared to be very nervous because Sample would not look him in the eyes and had shaky hands and a shaky voice. In addition, the pipe was found near Sample's seat, within his reach. The bag of meth was in plain view on the floorboard behind Sample's seat, and Sample's tools were on the back seat of the car, near the bag of meth.

[14] The State presented sufficient evidence from which the trial court could have concluded beyond a reasonable doubt that Sample was aware of the presence of the pipe and the meth and intended to maintain control over them. *See Goliday v. State*, 708 N.E.2d 4 (Ind. 1999) (evidence sufficient to prove constructive possession where defendant had exclusive control over a car he had borrowed,

and contraband was found near the defendant's personal items).  Sample's arguments to the contrary are requests to reweigh the evidence.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Bailey, J., and May, J., concur.