## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 28 2015, 8:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gary Byrd, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 28, 2015 <br><br> Court of Appeals Case No. <br> 49A04-1506-CR-557 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable David Seiter <br><br> Trial Court Cause No. <br> 49G20-1406-FC-32491 |

**Vaidik, Chief Judge.**

# Case Summary

Officers found 206 grams of marijuana and a handgun in the car Gary Byrd was driving. The car was borrowed, but Byrd was its only occupant at the time he was stopped. Byrd appeals his convictions for Class D felony dealing in marijuana and Class A misdemeanor carrying a handgun without a license. He contends that the State did not produce sufficient evidence to establish constructive possession of the marijuana and the handgun; specifically, he argues that the evidence does not prove his intent to exercise dominion and control over the contraband. Given the close proximity of the contraband to Byrd, the smell of the marijuana and Byrd's familiarity with that smell, and the setting in which the gun was found, we affirm his convictions for both Class D felony dealing in marijuana and Class A misdemeanor carrying a handgun without a license.

# Facts and Procedural History

On June 17, 2014, Gary Byrd borrowed Jasmine Brown's car. About forty-five minutes later, Sergeant Brian Gabel of the Indianapolis Metropolitan Police Department noticed Byrd swerving and driving at irregular speeds. Sergeant Gabel stopped Byrd and requested identification. Byrd briefly searched his pockets, allowing Sergeant Gabel to see "a large bulky amount of cash[,]" but Byrd was unable to produce any identification. Tr. p. 9. Byrd voluntarily opened the car door so that he could better communicate with Sergeant Gabel and provide him with verbal identification information. As soon as the door

was opened, Sergeant Gabel noticed the strong odor of raw marijuana coming from the inside of the vehicle. Sergeant Gabel returned to his car to check Byrd's license status, discovered Byrd had a suspended license, and requested assistance with the traffic stop.

[3] Sergeant Gabel arrested Byrd for driving with a suspended license, and searched the car. He found a partially open book bag on the center console of the back seat. The bag was about a foot from the driver's seat, which was pushed all the way back and reclined so that the bag was easily within reach of the driver. The smell of marijuana seemed to be coming from the bag. Sergeant Gabel could see a blanket inside the bag and when he began pulling it out of the bag, he discovered a gun wrapped in the blanket. Under the blanket, he found a black plastic bag that contained smaller baggies with a total of over 206 grams of marijuana, and a scale. In addition, officers found $2035, in denominations of $50 or less, in Byrd's pockets.

[4] The State charged Byrd with four counts: Count I, Class A misdemeanor carrying a handgun without a license; Count II, Class D felony dealing in marijuana; Count III, Class D felony possession of marijuana; and Count IV, Class A misdemeanor driving while suspended.

[5] Before the bench trial, Byrd stipulated that the quantity of marijuana, the packaging, and the scale were consistent with distribution of marijuana. Id. at 4. During the trial, Byrd testified that he had only had the keys to the car for about forty-five minutes, and had only been driving it for about twenty minutes.

He testified that he knew the smell of raw marijuana. He also testified that the money in his pockets came from selling shirts.

[6] The trial court found Byrd guilty of all four counts. The court merged Count III, Class D felony possession of marijuana, into Count II, Class D felony dealing in marijuana, and entered convictions on Counts I, II, and IV. Byrd now appeals, arguing that the evidence is insufficient to support his convictions for dealing in marijuana, and carrying a handgun.[1]

# Discussion and Decision

[7] Our standard of review for claims of sufficiency of the evidence is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Boggs v. State*, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), *trans. denied*. We do not reweigh the evidence or assess witness credibility, and we consider conflicting evidence most favorably to the trial court's ruling. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* A conviction may be based upon circumstantial evidence alone. *Id.*

---

[1] Byrd does not contest his conviction for Class A misdemeanor driving while suspended.

[8]     In order to convict Byrd of Class D felony dealing in marijuana, the State was required to prove that Byrd "possessed" marijuana. Ind. Code § 35-48-4-10(a)(2). Possession may be either actual or constructive. Actual possession is proven by direct physical control. *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999). In the absence of actual possession, constructive possession may support a conviction. *Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999). Constructive possession requires proof that "the defendant has both (1) the intent to maintain dominion and control and (2) the capability to maintain dominion and control over the contraband." *Id.* Here, it is uncontested that Byrd had the capability to maintain dominion and control over the marijuana because he was the only person in the car. Appellant's Br. p. 4. At issue is whether the first element of constructive possession—intent to maintain dominion and control—is satisfied.

[9]     To prove intent, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Goliday*, 708 N.E.2d at 6. Knowledge may be inferred from the exclusive dominion and control over the premises containing the contraband. *Id.* Knowledge can also be inferred, where control is non-exclusive, with evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Id.* The State argues that Byrd had exclusive possession of the car because he was the only person in it when it was stopped. However, even if Byrd's possession of the car was non-exclusive, we still conclude he had knowledge of the presence of the contraband in light of the "additional circumstances" present in this case.

[10] "Additional circumstances" supporting an inference of knowledge of the presence of contraband include incriminating statements made by the defendant, attempted flight or furtive gestures, location of substances like drugs in settings that suggest manufacturing, proximity of the contraband to the defendant, location of the contraband within the defendant's plain view, and the mingling of the contraband with other items owned by the defendant. *Gee v. State*, 810 N.E.2d 338, 341 (Ind. 2004).

[11] Here, the parties stipulated that there was more than 206 grams of marijuana in the book bag. The book bag was about a foot from the defendant. The trial court heard testimony that Byrd knew the smell of raw marijuana, and that Sergeant Gabel smelled it as soon as the car door was opened. The "additional circumstance" of the smell, coupled with Byrd's knowledge of the smell of raw marijuana, is sufficient evidence to support the trial court's inference that Byrd had knowledge of the marijuana, and therefore intent to maintain dominion and control over it. We see no error.

[12] Next, to convict Byrd of Class A misdemeanor carrying a handgun without a license, the State was required to prove beyond a reasonable doubt that he carried a handgun in a vehicle or on or about his body. *See* Ind. Code § 35-47-2-l(a) (West Ann. 2014). "To convict a defendant of carrying a handgun in a vehicle, the State must present evidence that a handgun was found in a vehicle and that the defendant had control of either the weapon or of the vehicle with knowledge of the weapon's presence." *Grim v. State*, 797 N.E.2d 825, 831 (Ind. Ct. App. 2003) (formatting altered). It is undisputed that Byrd had control of

the vehicle in this case. And, as with the marijuana, knowledge may be inferred from the exclusive dominion and control over the premises containing the contraband, or with evidence of "additional circumstances" pointing to the defendant's knowledge of the presence of the contraband. *Id.*

[13] Byrd contends that he did not have knowledge of the gun because it was wrapped in a blanket and placed inside the bag. However, whether the contraband was in plain view is only one of several potential "additional circumstances" that support an inference of knowledge. Our review of the record indicates that Byrd was in close proximity to the gun. He had his seat pushed all the way back and reclined, placing the book bag within his reach. Additionally, the setting where the gun, or contraband, was found suggests distribution of drugs—the gun was with the marijuana, inside the blanket directly over the marijuana; the book bag also contained a scale and baggies and Byrd stipulated that the quantity and packaging were consistent with distribution; Byrd was carrying over $2000 in small denominations. The "additional circumstances" support the trial court's inference that Byrd had knowledge of the gun. We find the inference reasonable, and therefore, find no error.

[14] Affirmed.

Bailey, J., and Crone, J., concur.