## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 14 2017, 5:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Webster Bradley Campbell, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | September 14, 2017 <br><br> Court of Appeals Case No. 49A02-1611-CR-2648 <br><br> Appeal from the Marion Superior Court. <br> The Honorable Mark D. Stoner, Judge. <br> Trial Court Cause No. 49G06-1504-F3-13730 |

**Darden, Senior Judge**

## Statement of the Case

Webster Campbell appeals his conviction of carrying a handgun without a license, a Class A misdemeanor.[1]  We affirm.

## Issue

Campbell raises one issue, which we restate as:  whether the evidence is sufficient to sustain his conviction.

## Facts and Procedural History

On March 15, 2015, two men, armed with handguns, entered Shanisha Hughes' Indianapolis house through an unlocked door to rob the inhabitants. Hughes, her children, and a family friend, named George Clifton, were present. The men pointed guns at Hughes and Clifton.  Hughes gave them $2,265, but Clifton had no money.  Immediately after the men left the house, Hughes looked outside and saw a blue Dodge Charger drive by.  She called the police and reported the robbery, including her sighting of the Charger.

On April 7, 2015, two different men entered Hughes' house to again rob the inhabitants.  This time, the men left with $30,000.  Hughes reported the robbery to the police.  At the time of the robbery, Hughes' children had recognized the robbers.  Hughes' children subsequently looked them up on a social media site. They found a picture of one of the robbers with a man who was later identified

---

[1] Ind. Code § 35-47-2-1 (2014).

as Webster Campbell. Hughes believed Campbell was one of the men who had robbed her on March 15.

[5] Detective Gary Smith was assigned to investigate the April 7 robbery. Hughes gave him the picture of Campbell and the other men. On the night of April 20, 2015, Smith was watching a house and saw a man that he believed matched a description of one of the April 7 robbers leave the house unaccompanied, get into a blue Dodge Charger, and leave. Smith decided to follow the Dodge Charger and eventually stopped it after the driver committed several traffic infractions. Campbell was driving and no one else was in the vehicle.

[6] Smith took Campbell into custody and had the vehicle towed. Smith learned the Dodge Charger was registered to Ronda Patton, Campbell's mother. He obtained a search warrant for the vehicle and found a silver and black handgun under the driver's seat, "toward the front of the seat, um, where the driver's legs would be." Tr. Vol. II, p. 91.

[7] Detective Scott Stauffer questioned Campbell and asked him if he had a handgun permit. Campbell asked, "what if I hadn't paid my fees?" *Id.* at 120. The officers determined Campbell had applied for a gun permit but it was not valid because he had not paid the required fees.

[8] It was later discovered that Campbell's mother had loaned the Dodge Charger to him because his own vehicle had broken down and he borrowed the Charger to get to and from work. Campbell's mother did not allow anyone other than

Campbell and his sister to drive the Charger, and the handgun did not belong to Campbell's mother or his sister.

[9] The State charged Campbell with armed robbery of Hughes and attempted armed robbery of Clifton, both Level 3 felonies, and possession of a handgun without a license, a Class A misdemeanor. Campbell waived his right to a jury trial and requested a bench trial. The court determined Campbell was not guilty of the robbery charges but was guilty of carrying a handgun without a license. The court imposed a sentence, and this appeal followed.

## Discussion and Decision

[10] Campbell claims there is insufficient evidence to demonstrate he possessed the handgun. When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Calvert v. State*, 930 N.E.2d 633, 638 (Ind. Ct. App. 2010). We neither reweigh the evidence nor assess the credibility of witnesses. *Id.* If there is probative evidence from which a reasonable trier of fact could find the elements of the crime proven beyond a reasonable doubt, we must affirm. *Id.* We apply this standard whether the evidence is direct or circumstantial in nature. *Winters v. State*, 719 N.E.2d 1279, 1281 (Ind. Ct. App. 1999).

[11] In order to convict Campbell of possession of a handgun as a Class A misdemeanor, the State was required to provide beyond a reasonable doubt that

Campbell (1) knowingly or intentionally (2) carried (3) a handgun (4) on his body or in a vehicle (5) without being licensed. Ind. Code § 35-47-2-1.

[12] Campbell's appeal focuses on the "carry" and "knowingly or intentionally" elements of the offense, arguing there is no evidence that he owned the gun or was aware it was in the vehicle. In response, the State claims the evidence indicates Campbell constructively possessed the handgun.

[13] A defendant may be convicted under a theory of constructive possession when he or she does not have a contraband object on his or her person but nevertheless has direct physical control over the object. *Thompson v. State*, 966 N.E.2d 112, 122 (Ind. Ct. App. 2012) (quotation omitted), *trans. denied*. Constructive possession is established by showing the defendant had the intent and capability to maintain dominion and control over the contraband. *Person v. State*, 661 N.E.2d 587, 590 (Ind. Ct. App. 1996), *trans. denied*. To prove the intent element, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999). Intent may be inferred when possession of the premises is exclusive. *Parson v. State*, 431 N.E.2d 870, 872 (Ind. Ct. App. 1982).

[14] In *Goliday*, the police stopped the defendant as he was driving a vehicle. 708 N.E.2d at 5. An officer determined the defendant did not have a valid license or registration for the vehicle, and the license plate was stolen. At that point, the defendant attempted to flee and was captured. The vehicle was impounded and searched, and illegal drugs were found. The defendant argued on appeal

that he did not possess the contraband, claiming he was not in exclusive possession of the vehicle because he had borrowed it. The Indiana Supreme Court rejected that argument, stating: "The issue, however, is not ownership but possession. The defendant was the only person in the vehicle when the police stopped it. His exclusive possession of the vehicle was sufficient to raise a reasonable inference of intent." *Id.* at 6.

[15] Similarly, in the instant case, Campbell was the driver and was alone in the Dodge Charger when the police stopped him and found the handgun under the driver's seat, close to where his legs would have been as he sat in the vehicle. Detective Smith had observed Campbell approach the vehicle unaccompanied and drive it away prior to the traffic stop. The evidence revealed that Campbell had been in sole possession of the Dodge Charger after borrowing it from his mother because his own vehicle had broken down, and he was using her vehicle to get to and from work. Campbell's mother had not allowed anyone other than Campbell and his sister to drive the vehicle. The handgun did not belong to Campbell's mother or his sister. This is sufficient evidence from which the finder of fact could have determined beyond a reasonable doubt that Campbell constructively possessed the firearm at the time of the traffic stop. *See Parson*, 431 N.E.2d at 872 (evidence sufficient to show constructive possession of handgun; defendant was sole occupant of motor home where gun was found and had been in "exclusive possession for longer than a brief period of time before the search").

# Conclusion

[16] For the reasons stated above, we affirm the judgment of the trial court.

[17] Affirmed.

Bailey, J., and Robb, J., concur.