## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 11 2018, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Frederick Vaiana
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christian Burt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 11, 2018

Court of Appeals Case No.
49A02-1708-CR-1793

Appeal from the Marion Superior Court

The Honorable Alicia A. Gooden, Judge

Trial Court Cause No.
49G21-1607-F4-27134

**Bailey, Judge.**

# Case Summary

Christian Burt ("Burt") appeals his convictions, following a jury trial, for dealing in cocaine, as a Level 2 felony,[1] and dealing in a narcotic, as a Level 2 felony.[2] On appeal he raises the sole issue of whether the State presented sufficient evidence to support those convictions. We affirm.

# Facts and Procedural History

On the afternoon of July 13, 2016, Detective Eric Forestal ("Det. Forestal"), an undercover detective with the Indianapolis Metropolitan Police Department ("IMPD"), was conducting surveillance. He observed a man, later identified as Burt, exit an apartment building with an open beer bottle in his hand and walk towards a white Cadillac in the parking lot. Det. Forestal saw Burt open the trunk of the vehicle, pull back the liner, and place a semi-automatic handgun in the trunk. Burt then moved the trunk liner back in place and drove away in the vehicle. Det. Forestal followed Burt in his undercover vehicle and, when he observed Burt commit a traffic violation, he radioed for an officer in a marked police vehicle to conduct a traffic stop.

Shortly thereafter, IMPD Sergeant James Martin ("Sgt. Martin"), who was in a marked police vehicle, attempted to initiate a traffic stop on Burt's vehicle using

---

[1] Ind. Code § 35-48-4-1(a)(2) and (e)(1).

[2] I.C. § 35-48-4-1(a)(2) and (e)(2).

his lights and sirens, but Burt did not stop right away. Sgt. Martin observed Burt fidgeting and moving around inside the car as he continued to drive. Burt then abruptly turned into a parking lot and stopped. As Sgt. Martin approached the vehicle, he saw Burt reaching down towards the center console area. Sgt. Martin asked Burt for his license and registration, and Burt's hands were shaking badly as he attempted to find his wallet. Burt was the only occupant in the vehicle.

[4] Det. Forestal arrived on the scene shortly after Burt stopped his vehicle. During the traffic stop, the officers learned that the white Cadillac was registered to Burt and to a female, later identified as Burt's mother, and that Burt's driving privileges had been suspended. After informing Burt of his *Miranda* rights, Det. Forestal asked Burt if he had any weapons in the vehicle. Burt denied knowledge of any weapons and said that it was not his car. Det. Forestal then told Burt that he saw him place a handgun in the trunk underneath the trunk liner and Burt "dropped his head." Tr. at 30. Burt then admitted to placing the handgun in the trunk and admitted that he did not have a license to carry a firearm. The officers took Burt into custody and found $877 in cash on his person during a search incident to arrest.

[5] The police had Burt's car towed to a secure location and Det. Forestal obtained a warrant to search the vehicle. During the search, officers found a loaded .45 caliber Taurus handgun sitting on top of a black plastic bag under the liner of the trunk. Inside the black plastic bag, officers found two plastic bags of cocaine with weights of 7.13 and 20.73 grams, one plastic bag of heroin with a

weight of 8.72 grams, and digital scales. The officers also found Burt's 2007 GED and his automotive repair paperwork from 2013 in the glove compartment. In the trunk, officers found mail dated September 1, 2015, with Burt's name on it.

[6] On July 15, 2016, the State charged Burt with unlawful possession of a firearm by a serious violent felon, a Level 4 felony,[3] and operating a vehicle as a habitual traffic violator, a Level 6 felony.[4] On July 22, the State amended the charging information to add charges for dealing in cocaine, as a Level 2 felony;[5] dealing in a narcotic drug, as a Level 2 felony;[6] possession of cocaine, as a Level 3 felony;[7] possession of a narcotic drug, as a Level 4 felony;[8] and carrying a handgun without a license, as a Class A misdemeanor.[9] The State subsequently filed motions to dismiss the unlawful possession of a firearm by a serious violent felon charge and the operating a vehicle as a habitual traffic violator charge, and the trial court granted those motions.

---

[3] I.C. § 35-47-4-5(c).

[4] I.C. § 9-30-10-16(a)(2).

[5] I.C. § 35-48-4-1(a)(2) and (e)(1).

[6] I.C. § 35-48-4-1(a)(2) and (e)(2).

[7] I.C. § 35-48-4-6(a) and (d)(2).

[8] I.C. § 35-48-4-6(a) and (c)(2).

[9] I.C. § 35-47-2-1.

Following Burt's June 20, 2017, jury trial, the jury found him guilty as charged on all remaining counts. At the sentencing hearing on July 14, the trial court vacated Burt's convictions for possession of cocaine and possession of a narcotic drug. The trial court then sentenced Burt to ten years executed for Level 2 felony dealing in cocaine; ten years executed for Level 2 felony dealing in a narcotic drug; and 365 days executed for Class A misdemeanor carrying a handgun without a license. The court ordered the sentences to run concurrently. This appeal ensued.

## Discussion and Decision

Burt challenges the sufficiency of the evidence to support his convictions for dealing in cocaine and dealing in a narcotic, both as Level 2 felonies. Our standard of review of the sufficiency of the evidence is well-settled:

> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id*.

*Clemons v. State*, 996 N.E.2d 1282, 1285 (Ind. Ct. App. 2013), *trans. denied*. Moreover, "[a] conviction may be based on circumstantial evidence alone so long as there are reasonable inferences enabling the factfinder to find the

defendant guilty beyond a reasonable doubt." *Lawrence v. State*, 959 N.E.2d 385, 388 (Ind. Ct. App. 2012) (citation omitted), *trans. denied*.

[9]     To support Burt's convictions of dealing in cocaine and dealing in a narcotic drug as Level 2 felonies, the State was required to prove that Burt knowingly or intentionally possessed minimum amounts[10] of the drugs with the intent to deliver[11] them. I.C. § 35-48-4-1. A person actually possesses contraband when he or she has direct physical control over it. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). Here, Burt did not actually possess the cocaine and heroin; he did not have direct physical control over either drug because they were in the trunk of the car.

[10]    However, "[w]hen the State cannot show actual possession, a conviction for possessing contraband may rest instead on proof of constructive possession." *Id*. A person constructively possesses contraband when the person has (1) the capability to maintain dominion and control over the item, and (2) the intent to maintain dominion and control over it. *Id*. The capability element may be inferred "from the simple fact that the defendant had a possessory interest in the premises" where the contraband was found, regardless of whether the possessory interest is exclusive. *Id*. "To prove the intent element, the State

---

[10] Burt does not dispute that the amounts of the cocaine and heroin were within the statutory minimum required to prove a Level 2 felony.

[11] Burt challenges only the sufficiency of the evidence to show his intent to *possess* the contraband; he does not challenge the sufficiency of the evidence to show intent to deliver the contraband.

must demonstrate the defendant's knowledge of the presence of the contraband," and such knowledge may be inferred from the defendant's "exclusive dominion and control over the premises containing the contraband." *Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999) (holding evidence sufficient to show constructive possession of contraband found in the trunk of the car where the defendant did not own the car, but had a key to the trunk and had several personal belongings throughout the car).

[11] This case is indistinguishable from *Goliday*. Burt's capability to maintain dominion and control over the contraband in the trunk could be inferred from the facts that he had a key to the trunk; the undercover officer earlier had witnessed Burt opening the trunk and placing a gun on top of the bag containing the contraband; and Burt's personal belongings—including his gun—were found in the trunk near the contraband and throughout the car. *See id*. And Burt's exclusive *possession* of the vehicle was sufficient to raise a reasonable inference of his intent to maintain dominion and control over the contraband. *Id*. (noting the intent element of constructive possession does not require proof of exclusive ownership of the premises; rather, intent may be inferred by a showing of exclusive possession of the premises); *see also State v. Emry*, 753 N.E.2d 19, 22 (Ind. Ct. App. 2001) ("Since Emry had exclusive control over the vehicle, it was proper for the jury to infer that Emry had the intent and capability to exert dominion and control over the marijuana.").

# Conclusion

The State provided sufficient evidence to sustain Burt's convictions for dealing in cocaine and dealing in a narcotic.

Affirmed.

Kirsch, J., and Pyle, J., concur.