## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Kevin Wild
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Zachary R. Griffin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Billy McCaslin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 23, 2020

Court of Appeals Case No.
19A-CR-1929

Appeal from the Marion Superior Court

The Honorable Jennifer P. Harrison, Judge

Trial Court Cause No.
49G20-1803-F5-8600

**Baker, Judge.**

[1] Billy McCaslin appeals his convictions for Level 5 Felony Possession of Methamphetamine[1] and Class C Misdemeanor Possession of Paraphernalia,[2] arguing that the evidence is insufficient to support the convictions. Finding the evidence sufficient, we affirm.

## Facts

[2] In March 2018, McCaslin was on house arrest and was wearing a GPS ankle bracelet. On March 9, 2018, Indianapolis Metropolitan Police Officers Christopher Houdashelt and Dustin Carmack arrived at McCaslin's home to execute a warrant for his arrest. The woman who lived with McCaslin answered the door and allowed the officers to come inside. They cleared all the rooms in the home except for the front bedroom, which was locked. The officers confirmed that McCaslin's ankle bracelet was located in the bedroom, and the woman who answered the door further confirmed that McCaslin was inside. Officer Houdashelt requested that a K9 unit be dispatched to the house. While awaiting the K9 unit, the officers gave dozens of verbal commands to McCaslin to exit the bedroom; he did not respond.

[3] After the K9 unit arrived, officers kicked in the locked door. Officer Houdashelt observed McCaslin "jump up off the ground" next to the bed. Tr. Vol. II p. 109. The police dog entered and subdued McCaslin, who was then

---

[1] Ind. Code § 35-48-4-6.1.

[2] I.C. 35-48-4-8.3(b).

handcuffed. Officer Carmack began to search McCaslin incident to arrest. The officer observed a plastic baggie fall from McCaslin's person onto the ground. Laboratory testing later confirmed that the baggie held methamphetamine residue. In the course of apprehending McCaslin, Officer Houdashelt observed several items in plain view on top of a dresser, including a digital scale with white residue, a straw, and a piece of glass with residue on it in the form of a line.

[4] Based on the above details, the officers applied for, and were granted, a warrant to search the house. In the bedroom, the officers observed men's and women's clothing lying on the floor as well as photographs of McCaslin and the woman who answered the door. On the dresser where Officer Houdashelt had observed several items earlier, Officer Carmack found a baggie with a substance later confirmed to be methamphetamine. The baggie and other items were commingled on the dresser with other personal property and photographs. Officer Carmack also found a smaller baggie on the floor next to where the officers found McCaslin when they entered the room; the substance in that baggie was later confirmed to be methamphetamine. Officers also found two methamphetamine pipes in a laundry basket.

[5] On March 12, 2018, the State charged McCaslin with possession of methamphetamine as a Level 5 and a Level 6 felony, Class A misdemeanor resisting law enforcement, and Class C misdemeanor possession of paraphernalia. The State later dismissed the Level 5 felony count but amended the information to enhance the Level 6 felony count to a Level 5 because of a

prior conviction. The State also alleged that McCaslin was an habitual offender.

[6] McCaslin's jury trial took place on July 1, 2019. After the State presented its case-in-chief, the trial court granted McCaslin's motion for a directed verdict on the resisting law enforcement charge. Ultimately, the jury found McCaslin guilty of Level 6 felony possession of methamphetamine and Class C misdemeanor possession of paraphernalia. The trial court later found that the State had met its burden with respect to the enhancement of the possession charge to a Level 5 felony and to McCaslin's status as an habitual offender. The trial court sentenced McCaslin to an aggregate four-year term, enhanced by four years because of his habitual offender status. McCaslin now appeals.

## Discussion and Decision

[7] McCaslin's sole argument on appeal is that the evidence is insufficient to support the convictions. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

[8] To convict McCaslin of Level 6 felony possession of methamphetamine (which was elevated to a Level 5 felony based on a prior conviction, which he does not dispute), the State was required to prove beyond a reasonable doubt that he,

without a valid prescription, knowingly or intentionally possessed methamphetamine. I.C. § 35-48-4-6.1(a). To convict McCaslin of Class C misdemeanor possession of paraphernalia, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally possessed an instrument, device, or other object that he intended to use for introducing into his body a controlled substance. I.C. § 35-48-4-8.3(b).

[9] McCaslin argues that the evidence does not support a conclusion that he actually or constructively possessed methamphetamine or paraphernalia. Actual possession occurs when a person has direct physical control over the item. *E.g.*, *Goffinet v. State*, 775 N.E.2d 1227, 1230 (Ind. Ct. App. 2002).

[10] First, the evidence readily establishes that McCaslin actually possessed methamphetamine. When the officer began to search him incident to arrest, a baggie fell from his person to the floor. Laboratory testing later confirmed that the baggie contained methamphetamine residue. The laboratory technician explained that, while there was not enough methamphetamine to be weighed, the testing confirmed that the methamphetamine was "a hundred percent there." Tr. Vol. II p. 234. The technician also confirmed that "methamphetamine residue [is] methamphetamine." *Id.* at 229. The statute under which McCaslin was charged does not have a minimum amount that must be possessed; consequently, the possession of *any* amount of methamphetamine, no matter how residual, suffices. Therefore, the fact that McCaslin had a baggie on his person containing methamphetamine residue is sufficient to support his conviction for possession of methamphetamine.

[11] Constructive possession occurs when a person has the capability and intent to maintain dominion and control over the item. *E.g.*, *Canfield v. State*, 128 N.E.3d 563, 572 (Ind. Ct. App. 2019), *trans. denied*. The capability element of constructive possession is met if the State shows "that the defendant is able to reduce the controlled substance to the defendant's personal possession." *Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999). Proof of a possessory interest in the premises in which the object is found is adequate to meet the capability element. *Id.*

[12] The intent element is met if the State demonstrates the defendant's knowledge of the presence of the contraband. *Canfield*, 128 N.E.3d at 572. Where, as here, control of the premises is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of contraband demonstrates intent. *Id.* These additional circumstances may include the item's proximity to the defendant, the location of contraband within the defendant's plain view, and the mingling of contraband with other items owned by the defendant. *Id.* at 572-73.

[13] Here, McCaslin had a possessory interest in the premises. He lived in the residence and slept in the bedroom in which the methamphetamine and paraphernalia were found. In fact, he was the only person in the bedroom, behind a locked door, between the time police arrived at the residence and the time they forced their way into the room. Therefore, he was capable of maintaining dominion and control over the items.

[14] With respect to intent, the paraphernalia on the dresser (including the scale, straw, and piece of glass with a line of white powder), the baggie of methamphetamine on the dresser, and the baggie of methamphetamine on the bedroom floor were in plain view. They were also intermingled with McCaslin's other items, including McCaslin's clothing, personal property, and photographs. Moreover, one of the baggies of methamphetamine was on the floor in the location where McCaslin was found when the officers forced their way into the bedroom. These circumstances suffice to show that McCaslin had the intent to maintain dominion and control over the items.

[15] McCaslin directs our attention to other circumstances that can establish the intent element, arguing that those circumstances are not applicable here. This is merely a request that we reweigh the evidence, which we may not do. And in any event, to prove constructive possession, the State need not prove all possible circumstances that can establish the intent element. *E.g.*, *Canfield*, 128 N.E.3d at 572-73.

[16] In sum, we find that the evidence in the record establishes that McCaslin constructively possessed methamphetamine and paraphernalia, meaning that the evidence is sufficient to support his convictions.

[17] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.